## KANSAS CITY PUMP COMPANY, Appellant, v. WATSON I. JONES et al., Respondents.

**Kansas City Court of Appeals, October 7, 1907.**

**JUSTICES' COURTS: Appeal: Bond: Practice: Judgment.** Suit by attachment was brought against the defendants as partners in a justice court. On appeal the defendants signed the bond as principal with E as surety. In the circuit court the issues in abatement were found for the defendant A, and against the defendant W; whereupon A was dismissed out of the case. The court heard the evidence on the merits and entered on his docket a judgment against W. The clerk in his record wrote the judgment against W with A and E as sureties. Plaintiff took out execution on the judgment as entered. *Held*, the court alone can render a judgment and the clerk's entry was a nullity and could be stricken from the record at a subsequent term.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*L. F. Henry* and *E. C. Hall* for appellant.

(1) The motions to quash the execution and set aside the judgment constitute a collateral attack and come too late at a term subsequent to the rendition of judgment. Gerhart v. Brady, 72 Mo. App. 138; Meyer v. Miller, 55 Mo. App. 343; Wise v. Loring, 54 Mo. App. 262; Head v. Randolph, 83 Mo. App. 284; Hathaway v. Railroad, 94 Mo. App. 348. (2) Defendants should have appealed if judgment is erroneous only. If it is not void it can not be collaterally attacked. Martin v. McLean, 49 Mo. 361; Hardin v. Lee, 51 Mo. 241; Holliday v. Jackson, 21 Mo. App. 660. (3) The judgment was properly entered against the sureties on the appeal bond. R. S. 1899, sec. 4081; Stebens v. Kansas City, 146 Mo. 460; Gwinnup v. Sibert, 166 Mo. App. 709; Brandt on

Suretyship and Guaranty, sec. 462. (4) The judgment though against only one of the defendants appealing, was proper and bound the sureties on the appeal bond. R. S. 1899, sec. 767; McCoy v. Green, 83 Mo. 626; Jefferson v. Curry, 77 Mo. 230. And same rule applies where defendants are sued as partners. Finney v. Alten, 7 Mo. 416; Crews v. Lackland, 67 Mo. 619; Staley v. Howard, 7 Mo. App. 377. (5) Both defendants appealed from the judgment of the justice and executed the appeal bond with Ellis as surety, and when the circuit court found against one defendant the judgment was properly entered against him and the other obligors in the appeal bond. Mfg. Co. v. Wilfong, 33 Mo. App. 561; Hood v. Mathis, 21 Mo. 308; Nolte v. Farrelly, 34 Mo. App. 671. (6) The obligors in the appeal bond being severally liable are bound when judgment is affirmed as to one of the appellants. Brandt on Suretyship and Guar., sec. 449; Seacord v. Morgan, 3 Keyes (N. Y.) 636; Ives v. Hulce, 17 Bradw. (Ill. App.) 35; Goodwin v. Bunzel, 102 N. Y. 224. (7) When the defendant, E. A. Jones, joined in the execution of the appeal bond he became surety for the other principal therein and was liable as such, although the judgment was not affirmed as to him. 27 American and English Ency. Law (2 Ed.), 433.

*F. B. Ellis* and *W. S. Herndon* for respondents.

(1) The action of the court in sustaining the motion to quash, as set forth in the so-called judgment, in appellants' abstract of the record, is not a final judgment from which an appeal will lie. Plattsburg v. Allen, 84 Mo. App. 432; Kautch v. Droste, 82 Mo. App. 412; Palmer v. Crane, 8 Mo. 620; Holloway v. Holloway, 97 Mo. 639; Mills v. McDaniels, 59 Mo. App. 331; Spears v. Bond, 79 Mo. 639; Berry v. Zimmerman, 43 Mo. 215; Wolf v. Vette, 17 Mo. App. 37. (2) The appeal bond is in the form required by the statute, in appeals from the judgments of justices of the peace, and while the

respondent, F. B. Ellis, is not named specifically as sure-
ty, yet the terms of the bond show that he signed it in
that capacity and that Watson T. and E. A. Jones, were
principals.    The voluntary dismissal of the suit as to
defendant E. A. Jones, was a release of one of the prin-
cipals, which relieved the surety from any further lia-
bility.   Hempstead v. Hempstead's Admrs., 27 Mo. 187;
27 A. & E. Ency. Law (2 Ed.), p. 492.   (3) The min-
ute entry put in evidence by the respondents at the trial
of the motion in the circuit court, shows that there was
no judgment against them.   Prima-facie this was the ex-
tent of the plaintiff's right to a judgment, and this is
against Watson T. Jones only.   If there was any other
action of the trial court, authorizing a judgment against
either of the respondents, then it devolved upon the ap-
pellants to show such action.   Respondents contended
there was no such authority, hence the action of the
court in sustaining the motion to strike the judgment
against them from the record, was proper.   Bishop v.
Seal, 92 Mo. App. 167; Canthom v. Berry, 69 Mo. App.
404; State v. Jeffors, 64 Mo. 376.   (4) The motion of
the respondents was not to set aside a judgment as stated
by appellant, in its first point, but was to strike from the
record the pretended judgment which was void for the
reasons stated in the motion.   A judgment rendered with-
out the sanction or authority of the court, and which is
not the result of a hearing and determination of some
kind by the court is void.   There was no judgment of
any kind, against respondents and hence they had noth-
ing to appeal from.   Stocker v. Circuit Court, 25 Mo.
401; Robertson v. Neal, 60 Mo. 579; State ex rel. v.
Primm, 61 Mo. 163; Harlan v. Moore, 132 Mo. 483.   The
appellant contends in its appeal that E. A. Jones was a
surety on the appeal bond together with E. A. Jones and
Watson T. Jones; if this be true, then the dismissing of
the case by appellant would discharge the surety.   It has
always been the law that the discharge of one surety dis-

charges the other. Nofsinger v. Hartnette, 84 Mo. 554; Detheredge v. Shorley, 50 Mo. App. 498; Hanson v. Martin, 63 Cal. 282; Prior v. Kiso, 81 Mo. 241; Kaining v. Brewing Co., 38 Mo. App. 182.

JOHNSON, J.—Plaintiff sued defendants Watson T. Jones and E. A. Jones as partners on an account, before a justice of the peace and procured a writ of attachment to be issued in aid of the action. Judgment was recovered against both defendants and an appeal was taken by them to the circuit court. The appeal bond, conditioned as required by law, was signed by both defendants as principals and F. B. Ellis as surety. Issues raised by the plea in abatement were tried in the circuit court before a jury and a verdict returned in favor of plaintiff against the defendant Watson T. Jones and in favor of the defendant E. A. Jones. Plaintiff then dismissed the action as to E. A. Jones and the cause went to trial on the merits. A jury was waived and the court, after hearing the evidence, entered the following judgment on his minute book:

"Plaintiff dismisses as to defendant E. A. Jones. Jury waived and cause submitted to the court and evidence heard and judgment for plaintiff against defendant W. T. Jones for $188.10." No judgment was entered against the sureties on the appeal bond but afterward the clerk, in recording the judgment, made defendant E. A. Jones and the surety F. B. Ellis parties thereto. No further proceedings were had during that term and after the close thereof, plaintiff caused an execution to be issued on the judgment as entered by the clerk. Thereupon E. A. Jones and F. B. Ellis filed a motion to quash the execution and another motion to strike from the records of the court the judgment entered by the clerk against them on the ground, among others, that the judgment so entered was not pronounced by the court and, therefore, was void. These motions were filed and heard

at the term succeeding that on which the judgment was rendered and, on hearing, were sustained and the execution was quashed. After unsuccessfully moving the court for a new trial, plaintiff brought the case here by appeal. Section 4081, Revised Statutes 1899, provides that "In all cases of appeal from a justice's court, if the judgment of the justice be affirmed, or if, on a trial anew in the appellate court, the judgment be against the appellant, such judgment shall be rendered against him and his sureties in the recognizance for the appeal."

Putting aside other grounds of attack against the validity of the judgment urged by defendants and, conceding for argument that the learned trial judge should have regarded E. A. Jones as a surety on the bond for Watson T. Jones and included both him and Ellis as parties defendant to the judgment, the fatal weakness of plaintiff's position is that they were not so included, and no one but the court was invested with jurisdiction to pronounce judgment against them. A clerk is a mere ministerial officer, the hand of the court, and has no authority to enter a judgment not pronounced by the court. His entry of a judgment in the records is designed to stand as a perpetual memorial of the court's action, but the judgment itself "is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict." The entry by the clerk of a judgment the court did not render was a nullity, and the error thus committed was one which the court had jurisdiction to rectify even at a term subsequent to that at which the judgment was rendered. [Stacker v. Cooper Circuit Court, 25 Mo. 401; Robertson v. Neal, 60 Mo. 579; State ex rel. v. Primm, 61 Mo. 166; Harlan v. Moore, 132 Mo. 483; Bishop v. Seal, 92 Mo. App. 167; Cauthorn v. Berry, 69 Mo. App. 404; State v. Jeffors, 64 Mo. 376.]

Affirmed. All concur.