CHARLES WARD et al., Respondents, v. CLAYTON BELL and W. D. EGOLF, Partners doing business as BELL, EGOLF & COMPANY, Appellants.

Kansas City Court of Appeals, May 29, 1911.

COURTS: Special Judge: Jurisdiction: When Not Term Judge. In an action for fraud, a special judge rendered judgment against defendants, who claimed that he was without jurisdiction, because the record entry, made by the clerk showed that the special judge was elected as a term judge. The other record entries showed that the clerk erroneously recorded the proceedings. The special judge retained jurisdiction of the case which, although especially set, was continued from the day on which he was elected, tried it at a later term of court, and at a later term rendered the judgment appealed from. At a still later term, plaintiffs filed an application for a *nunc pro tunc* order to correct the record of the election of the special judge, in order to show the true fact that he was elected especially for this cause, and not to hold the remainder of a term of court. This motion was sustained by the same special judge, and the correction was made. *Held,* that, where the facts (supported by record evidence) were that the cause was set specially for trial on the day of his election, that the judge's minutes of the election were entered in the minutes of this cause, and that the special judge did not sit in any other cause, nor transact any other business, such facts supported the finding of said special judge that the clerk's record did not state the true fact, and justified him in sustaining the motion for a *nunc pro tunc* order, and that, the special judge, having been regularly elected and qualified, had jurisdiction over the cause during its pendency in the trial court.

Appeal from Jackson Circuit Court.—*Hon. H. C. Timmonds,* Special Judge.

AFFIRMED.

*Marley & Grover* for appellant.

(1) The election of the Hon. H. C. Timmonds as judge on Thursday, April 1, 1909, the same being the sixty-seventh day of the January, 1909, term of the circuit court of Jackson county, Missouri, was only for the balance of that term, and when the April, 1909, term of the same court opened on the 12th day of April, 1909, with the Hon. Thos. J. Seehorn presiding, the Hon. H. C. Timmonds was without authority to preside any further as a judge. Berry Bros. v. Leslie, 131 Mo. App. 238, and authorities cited; State ex rel. v. Perkins, 139 Mo. 117. (2) The Hon. H. C. Timmonds being without authority to act, the judgment rendered by him in this case is absolutely null and void. State ex rel. v. Perkins, 139 Mo. 117.

*Ewing C. Bland* for respondents.

(1) The record as corrected by the *nunc pro tunc* entry as shown in the foregoing supplemental and additional abstract of the record, of the election of Honorable H. C. Timmonds as special judge, now shows that he was elected to try this case only, and therefore, he had jurisdiction to make all orders in this case, regardless as to when the regular judge returned to the bench. State ex rel. v. Williams, 136 Mo. App. 336; Berry Brothers v. Leslie, 131 Mo. App. 238; Voullaire v. Voullaire, 45 Mo. 602; State v. Moberly, 121 Mo. 604.

JOHNSON, J.—This is an action for fraud tried in the circuit court of Jackson county before the Hon. H. C. Timmonds as special judge and is before us on an appeal prosecuted by defendants from a judgment recovered by plaintiffs.

The contention of counsel for defendants is that the special judge was without jurisdiction to render the judgment and the main point in controversy is whether the special judge who was elected by members

of the bar under the provisions of sections 3961 and 3977, Revised Statutes 1909, was elected specially to try this cause or to hold court for the remainder of the January, 1909, term.

The record of the election made by the clerk recites that on April 1, 1909, being the sixty-seventh day of the January, 1909, term of the court, the following proceedings were had and held by said court: ''This day court met pursuant to adjournment; the Honorable Thomas J. Seehorn, Judge regularly presiding over this division, being unable to hold court, and not having procured another judge to hold court, the clerk of this court proceeds to hold an election among the members of the bar present, more than five in number, at said election the Honorable H. C. Timmonds, having the qualifications of the Circuit Judge was elected to hold court as special judge in accordance with the Statutes of the State of Missouri, in such cases made and provided; and after taking and filing his oath of office as special judge he entered upon the discharge of his duties as said special judge.''

These recitals indicate that the special judge was elected to hold the remainder of the January term for Judge Seehorn but from other record entries, it appears that the case before us was set specially for that day, and was the only case over which Judge Timmonds assumed authority to preside.

The Judge's minutes relating to this case stated that it was ''Specially set for April 1, 1909,'' and under the head of ''Minutes'' contained the recital: ''4-1-09.  H. C. Timmonds elected Special Judge and qualified; jury waived; cause con'd until Wednesday Apr. 14, '09 at 9:30 a. m. for final hearing thereon.''

Judge Timmonds retained jurisdiction of the case, tried it at a later term of court and at the January, 1909, term rendered the judgment from which the present appeal was taken.  At the January, 1911, term, plaintiffs filed an application for a *nunc pro tunc*

order to correct the record of the election of Judge Timmonds in order that it should show the true fact that he was elected specially for this cause and not to hold the remainder of a term of court. Judge Timmonds presided at the hearing of this motion and over the objection of defendant sustained it and ordered that the record of the election which he found from other record entries to be erroneous be corrected to read as follows:

"Charles Ward, Lila Ward Wilkins and
    Edwin P. Wilkins, plaintiffs,
        vs.                             No. 38339
Clayton Bell and W. D. Egolf, partners,
    doing business as Bell, Egolf & Company, Defendants.

Now, on this 1st day of April, 1909, the same being the 67th day of the January, 1909, term of this court, this court met pursuant to adjournment. The Honorable Thomas J. Seehorn, Judge, regularly presiding over this division, being unable to hold court, the clerk of this court proceeds to hold an election among the members of the bar present, more than five in number. At the said election the Honorable H. C. Timmonds, having the qualifications of a Circuit Judge, was duly elected special judge for the purpose only of trying all matters in the above entitled cause (the same having been specially set for this day) in accordance with the statutes of the State of Missouri, in such cases made and provided; and after taking and filing his oath as such special judge he entered upon the discharge of his duties as such special judge for the purposes aforesaid."

Where a special judge is elected to try a particular cause his jurisdiction over the cause does not end with the term at which he was elected but continues until the end of the proceedings in the circuit court. [State ex rel. v. Williams, 136 Mo. App. l. c. 336;

Berry Bros. v. Leslie, 131 Mo. App. l. c. 238; Voullaire v. Voullaire, 45 Mo. 602; State v. Moberly, 121 Mo. 604.]

This rule is conceded but defendants argue that it has no application to the case in hand for the reason that the record entry made by the clerk shows the special judge was elected as a term judge. ·That is true but other record entries show that Judge Timmonds was elected only for this cause and that the clerk erroneously recorded the proceedings. The rule is well settled that the trial court has the power to correct errors in the record resulting from the mistake of the clerk and may exercise that power at a term subsequent to that at which the mistake was made. [Sec. 1831, R. S. 1909; Harlan v. Moore, 132 Mo. l. c. 490; Witten v. Robison, 31 Mo. App. 525; Green v. Walker, 99 Mo. 68; Kreisel v. Snavely, 135 Mo. App. l. c. 158; Pump Co. v. Jones, 126 Mo. App. 536; Usher v. Tel. Co., 122 Mo. App. l. c. 110.]

The presumption that the clerk has recorded the proceedings as they occurred is very strong and can be rebutted only by record evidence (Kreisel v. Snavely, supra, and cases cited), but it is not conclusive and when it clearly appears from other record entries that an error has been committed the error should be corrected on motion for a *nunc pro tunc* order.

The facts, supported by record evidence that this cause was set specially for trial on the day of the election, that the judge's minutes of the election were entered in the minutes of this cause and that the special judge did not sit in any other cause nor transact any other business, support the finding of Judge Timmonds that the record made by the clerk did not ·state the true fact and justify his judgment sustaining the motion for a *nunc pro tunc* order.

We conclude that the special judge was regularly ·elected and qualified and had jurisdiction over the cause during its pendency in the trial court. The point that

the disqualification of the regular judge is not suffi-
ciently shown by the record is answered, in our opin-
ion, in State ex rel. v. Williams, supra.

The judgment is affirmed. All concur.