For the reason stated, I dissent.

BOND, C. J., concurs herein.

---

THE STATE ex rel. THOMAS B. BUCKNER, Judge of Circuit Court, v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, March 15, 1919.

PROHIBITION: Sufficiency of Evidence: Nunc Pro Tunc Order. The sufficiency of the minutes in a judge's docket to justify the court in correcting its record by an order *nunc pro tunc* is a question of evidence, and not one of the court's jurisdiction; and consequently, the Court of Appeals cannot, on the theory that the recitals in the circuit judge's docket are not sufficient to overcome the presumption that the judgment entered upon the record by the clerk is the judgment of the court, prohibited the circuit judge, by its writ of prohibition, from correcting the judgment by a *nunc pro tunc* order. The circuit court has jurisdiction to determine whether the evidence is sufficient to justify an order *nunc pro tunc* correcting the judgment, and if it errs in its decision the remedy is not by prohibtion, but by appeal or writ of error.

Certiorari.

WRIT QUASHED.

*John D. Wendorff* for relator.

(1) The trial court has the right to correct record entries to make them conform to facts and speak the truth at any time by a *nunc pro tunc* order. Although a circuit court may lose jurisdiction of a cause by appeal, it still retains sufficient power over its own records to authorize it by a *nunc pro tunc* order to correct its records to the extent that it shall speak the truth. Johnson v. Ragan, 265 Mo. 441; Wilson v. Darrow, 223 Mo.

528; State v. Gordon, 196 Mo. 196; Reed v. Colp, 213 Mo. 586; Altholl v. Transit Co., 204 Mo. 172; DeKalb County v. Hixon, 44 Mo. 341; Exchange Nat'l Bank v. Allen, 68 Mo. 474; Davison v. Davison, 207 Mo. 702; Haley v. Dewes, 1 Mo. 16; Farris v. Burchard, 262 Mo. 334. (2) The writ of prohibition is only available to keep an inferior court from exceeding its jurisdiction or exercising jurisdiction not given it by law. State ex rel. Graham v. Seehorn, 246 Mo. 558; State ex rel. Fenn v. McQuillin, 256 Mo. 703; State ex rel. v. Foster, 87 Mo. 590; State ex rel. v. Elkin, 130 Mo. 90; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Bradley, 193 Mo. 33; State ex rel. v. Fort, 178 Mo. 518; State ex rel. v. Stovie, 194 Mo. 14; State ex rel. Am. Bankers Assur. Co. v. McQuillin, 260 Mo. 164; State ex rel. McEntee v. Bright, 224 Mo. 528.

*Walsh & Aylward* for respondents.

(1) The circuit court was without jurisdiction to invalidate and nullify the judgment of the Kansas City Court of Appeals. The Court of Appeals in requiring the relator to observe its judgment was within its jurisdiction. Upon the plainest principle under the facts there could be no conflict between its decision and that of any decision of this court. Orvis v. Elliott, 147 Mo. 233; Young v. Thrasher, 123 Mo. 312; Crispen v. Hannovan, 86 Mo. 167; Sec. 2083, R. S. 1909; Akin v. Sidney Steel Scraper Company, 198 S. W. 1139; State ex rel. Akin v. Buckner, 203 S. W. 243; Mower v. Fletcher, 114 U. S. 127; Black on Judgments, sec. 34; Freeman on Judgments, sec. 481. (2) The motion does not contemplate the correction of any clerical error or mistake of the clerk in the entry of said judgments, but undertook to set aside and vacate the same at a subsequent term of court and after the reversal of one of said judgments by an appellate court. Jones v. Hart, 60 Mo. 356; Hill v. City of St. Louis, 20 Mo. 587; Burnside v. Wand, 170 Mo. 543; Ross v. Ross, 83 Mo. 100;

Bank v. Allen, 68 Mo. 474; State v. Jeffors, 64 Mo. 376; Belkin v. Rhodes, 76 Mo. 652; Woolridge v. Quinn, 70 Mo. 371; Gamble v. Daugherty, 71 Mo. 599; Railroad v. Holschlag, 144 Mo. 256; Young v. Young, 165 Mo. 624; Freeman on Judgments (3 Ed.), sec. 69. (3) There is no record evidence to impeach the judgment entry made by the clerk. The minutes of the judge are consistent with the recorded judgments and therefore the judgments cannot be altered, changed or modified in any respect. Krisel v. Snavely, 135 Mo. App. 159; State ex rel. Akin v. Buckner, 203 S. W. 243; M. K. & T. Ry. v. Holschlag, 144 Mo. 257; Belkin v. Rhodes, 76 Mo. 652;Woolridge v. Quinn, 70 Mo. 370; Jones v. Hart, 60 Mo. 354; McLure v. Bank, 263 Mo. 135; State ex rel. v. Railroad, 265 Mo. 716; Trefny v. Eichenseer, 262 Mo. 442; Spratt v. Early, 199 Mo. 491; Donnell v. Wright, 147 Mo. 647; Ross v. Railroad, 141 Mo. 396; Sec. 1586, R. S. 1899; Sec. 3851, R. S. 1909; Sec. 773, R. S. 1899; Sec. 2097, R. S. 1909. (4) The Court of Appeals was legally required to prohibit the attempted rendition of a void judgment, and particularly the setting aside of a final judgment of an appellate court by a judge of an inferior court. State ex rel. v. Sale, 188 Mo. 496; St. Louis, Railroad Co. v. Wear, 135 Mo. 230; State v. Williams, 221 Mo. 227; State ex rel. v. Muench, 217 Mo. 141; State ex rel. v. McQuillin, 246 Mo. 532; State ex rel. v. Fort, 210 Mo. 525. (5) The writ of *certiorari* issued herein should be quashed. 11 C. J. 202; State ex rel. v. Ellison, 263 Mo. 509; State ex rel. Railways Co. v. Reynolds, 257 Mo. 35; State ex rel. v. Reynolds, 270 Mo. 602.

WILLIAMS, J. —This is an original proceeding by *certiorari*, which seeks to quash, on the ground that it conflicts with controlling previous decisions of this court, an opinion of the Kansas City Court of Appeals in the case of State ex rel. Akin, relator, v. Buckner, respondent. The opinion in the above case is published in 203 S. W. 242. Hon. Thomas B. Buckner, the relator

in the case at bar, was respondent in that case, and is the Judge of Division One of the Circuit Court of Jackson County, Missouri.

The case in which the Kansas City Court of Appeals delivered the alleged conflicting opinion was an original proceeding in prohibition which sought to prohibit Judge Buckner from taking further judicial action upon a motion then pending before him, which prayed the correction of a judgment of said circuit court by order, *nunc pro tunc.*

The Court of Appeals held that Judge Buckner was without jurisdiction to proceed in the matter then pending before him and ordered that the preliminary rule in prohibition be made absolute.

Thereafter Judge Buckner, as relator, instituted the *certiorari* proceeding here.

The facts stated in the opinion of the Court of Appeals which throw light upon the proceeding then pending in the circuit court, may be summarized as follows:

One William H. Akin, as plaintiff, instituted in said circuit court an action for damages against the Sidney Steel Scraper Company and Samuel B. Strother, administrator of the estate of one Tomlinson, deceased, as defendants. The action for damages proceeded to final judgment.

The memorandum entered upon the judge's docket in the handwriting of Judge Buckner, who tried the case, was as follows:

"William H. Akin v. Tomlinson and Sidney Steel Scraper County. Walsh. & L. Conrad, S. & W. December 5, 1916. At close of case court directs a verdict for defendant Sidney Steel Scraper Company. Plaintiff dismisses as to S. B. Strother, Adm'r."

The minutes kept by the clerk of the circuit court were as follows:

"76663—Akin v. Sidney Steel Scraper Company, et al.

"By leave of court, plaintiff amends petition by reducing the amount sued for to $7,500. Defendant, Sidney Steel Scraper Company, excepts.

"Plaintiff dismisses as to Samuel B. Strother, administrator of estate of J. C. Tomlinson, deceased.

"At close of plaintiff's evidence, under instructions given by the court, the jury returned the following verdict, to-wit:

"'We, the jury, find the issues for the defendant, Sidney Steel Scraper Company.

"'H. A. KELLY, Foreman.'

"Judgment accordingly."

The judgment entered by the clerk was as follows:

"Now on this day again come the parties in this cause, and also comes the jury herein, and now plaintiff, by leave of court, amends his petition by reducing the amount sued for to seventy-five hundred dollars; to which action in permitting said defendant, Sidney Steel Scraper Company, excepts.

"And now plaintiff dismisses this cause as to defendant, Samuel B. Strother, administrator of the estate of J. C. Tomlinson, deceased.

"Wherefore, it is ordered and adjudged by the court that this cause be, and the same is hereby dismissed as to defendant, Samuel B. Strother, administrator of the estate of J. C. Tomlinson, deceased, and that the said defendant have and recover of and from plaintiff his costs herein, and have execution therefor, and at the close of plaintiff's evidence, under the instruction given by the court, the said jury returned the following verdict, to-wit:

"'We, the jury, find the issues for the defendant, Sidney Steel Scraper Company.

"'H. A. KELLY, Foreman.'

"Wherefore, it is ordered and adjudged by the court that plaintiff take nothing by this suit and that defendant, Sidney Steel Scraper Company, have and recover of and from plaintiff its costs herein and have execution therefor."

Akin, the plaintiff therein, appealed from said judgment, and the appellate court, holding that the circuit court had erred in giving the peremptory instruction, reversed the judgment and remanded the cause for trial.

After the mandate of the appellate court had reached the circuit court, said Sidney Steel Scraper Company, the then sole remaining defendant in said cause, filed a motion in said circuit court, asking for an order *nunc pro tunc* changing or transposing the record judgment so that the portion showing a dismissal as to Strother, Admr., would appear after that portion which showed a directed verdict for the defendant, Sidney Steel Scraper Company, so that (as contended by the movement) it might speak the truth and be in conformity with the memoranda upon the judge's docket.

In substance the Court of Appeals held:

(1) That the judgment entered upon the record by the clerk of a court of record is presumed to be the judgment rendered by the court and such presumption cannot be qualified by the recollection of the judge or witnesses.

(2) That there is nothing in the judge's docket to overcome the above presumption.

(3) That respondent (Judge Buckner, the relator here) under the facts shown was without jurisdiction to determine the matter and should be prohibited from taking further action therein.

I. Upon a careful review of the matter it would appear that the learned judges of the Court of Appeals may have fallen into the error of treating the case as though a review of the proceeding before the circuit court were before them upon appeal.

Question of Evidence.

The question of the sufficiency of the evidence presented upon the hearing before the circuit court was, however, not properly before the appellate court for discussion. Upon its proceeding by writ of prohibition

it was concerned merely with the question of whether or not the circuit court had jurisdiction to hear and de-termine, in the first instance, the matter then pending before it. The question of the sufficiency of the written evidence to support the requested order *nunc pro tunc* was not a jurisdictional question in the proper sense, but a question which would involve nothing more than the interpretation and application of a strict rule of evidence, applicable to hearings upon motions for orders *nunc pro tunc.*

That the sufficiency or insufficiency of the minutes, in a judge's docket, to justify the court in correcting its record by an order *nunc pro tunc,* is a question of evidence rather than one of jurisdiction, is we think clearly apparent from the language employed in previous rulings of this court.

In the early case of Jones v. Insurance Co., 55 Mo. 342, l. c. 344, it was said:

"Since this case came here by an appeal, an amendment *nunc pro tunc* of the judgment originally entered was made in the circuit court, correcting errors in the original entry made by the clerk. This was done on motion after due notice to the opposite party; and the correction having been made, we will presume (no showing having been made in the appellate court) that the court had *sufficient evidence in its records* to authorize the change in the entry." [Parenthesis and italics ours.] To the same effect are Bank v. Allen, 68 Mo. 474, l. c. 476; Belkin v. Rhodes, 76 Mo. 643, l. c. 652.

In the case of Board of Ministerial Relief v. Drummond, 167 Mo. 54, l. c. 60-61, we find the following language:

"The decree of a court of general jurisdiction duly entered of record imports verity, and cannot be changed or altered on the ground of clerical mistake, except by *evidence* contained in some written record, minute entry, memorandum or paper in the case. . . . The facts alleged in the petition [here the correction was sought by a bill in equity] are only those upon which might

have been predicated on application by motion and notice for the same relief, by an order *nunc pro tunc,* and the *rules of evidence* in such case can not be changed by filing a petition and calling it a bill in equity." [Words in brackets and first and last italics ours.] To the same effect are the following cases: Railroad v. Holschlag, 144 Mo. 253, l. c. 256; Young v. Young, 165 Mo. 624, l. c. 630; Becher v. Deuser, 169 Mo. 159, l. c. 165; Burnside v. Wand, 170 Mo. 531, l. c. 542.

In the case of Collier v. Lead Co., 208 Mo. 246, l. c. 278, GRAVES, J., speaking for Division One, said:

"If it appears that the court has jurisdiction of the subject-matter and of the parties, as shown in this case, a *nunc pro tunc* judgment *cannot be attacked in a collateral proceeding on the ground that there was no evidence to support it.*"

The following propositions have also become well settled by previous rulings of this court, to-wit:  ·

A court may by an appeal lose jurisdiction of a cause, but it does not thereby lose jurisdiction over its own records. At any subsequent term and even after an appeal has been taken the court which has jurisdiction of the record has jurisdiction to entertain a motion for correction of its judgments by *nunc pro tunc.* [Johnston v. Ragan, 265 Mo. 420, l. c. 441, and cases therein cited; Exchange National Bank v. Allen, 68 Mo. 474, l. c. 486; DeKalb County v. Hixon et al., 44 Mo. 341.]

The purpose of the use of the writ of prohibition is "not to correct errors, but to prevent a usurpation of jurisdiction." [State ex rel. Graham v. Seehorn, 246 Mo. 541, l. c. 550; State ex rel. v. Stobie, 194 Mo. 14, l. c, 45 and 52, and cases therein cited.]

"It is the very right to hear, determine and decide, whether rightfully or wrongfully, that we denominate jurisdiction." [State ex rel. Johnson v. Withrow, 108 Mo. 1.]

From the authorities above quoted it will appear that Division One of the Circuit Court of Jackson County had jursdiction over the record sought to be cor-

rected and also had jurisdiction to entertain the motion for an order *nunc pro tunc* and *in the first instance at least* had jurisdiction to pass upon the sufficiency of the record evidence offered in support of said motion.

The opinion of the Court of Appeals in holding that the writ of prohibition was available under the facts shown, clearly conflicts with the principles of law stated in the authorities cited above, and for that reason should be quashed.

In the recent case of State ex rel. Lusk v. Ellison et al., 271 Mo. 463, l. c. 474, GRAVES, C. J., speaking for Court in Banc on the question of conflict of opinion under review by *certiorari,* said:

" 'Grey Mule' cases as to facts are not required. It is sufficient that on a given state of facts the holding of the appellate court contravenes well established rulings in law or equity as made by this court."

II. We have refrained from expressing any view as to the sufficiency or insufficiency of the evidence to sup-

Merits. port an order *nunc pro tunc* correcting the judgment in the circuit court. That privilege must first be accorded the learned circuit court. Up to date that court has never had the opportunity of judicially determining the matter. After the matter has been determined by that court, it would then be proper for an appellate court, before which the matter was properly brought for review, to render a decision thereon. Any discussion of the matter now would rise to no higher standard than mere dictum.

From the foregoing discussion in paragraph one above, it follows that the record and judgment of the Court of Appeals should be quashed. It is so ordered.

BOND, C. J. (concurring)—This is an application by *certiorari* to quash the record and judgment of the Kansas City Court of Appeals. Under the rule of law established by my brethren, against my dissent, this court has power under the Constitution to quash judg-

ments of the Courts of Appeals whenever such judgment conflicts with the last previous ruling of this court. In the present case the Kansas City Court of Appeals held, in effect, that a circuit judge had no power, upon the record data before him, contained in the minutes made on his docket and the clerk's minutes, and entry of judgment, to entertain an application for a *nunc pro tunc* entry to make the judgment and orders conform to those which were actually made and given at the time. Of course that was error on the part of the Kansas City Court of Appeals; for the power to hear and determine such motions is inherent in the circuit court. This is what I understand the opinion of my learned brother WILLIAM holds.

Because of the conflict thus pointed out by him, and because, while the present scope of review by *certiorari* subsists, it is the duty of all the members of this court to enforce it, (State ex rel. v. Robertson, 264 Mo. l. c. 670). I concur in the quashal of the judgment in conformity to the Constitution as expounded by my brethren, although I do not personally think their construction of the Constitution is correct. I therefore concur for conformity only.