## MARCH, 1930.

MARY GREGGERS, DEFENDANT IN ERROR, v. CHARLES L. GLEASON ET AL., CLYDE GLEASON, INTERPLEADER, PLAINTIFF IN ERROR.

Kansas City Court of Appeals. April 7, 1930.

*Scott J. Miller* and *Roger Miller* for plaintiff in error.

*Lorenzo Jones* for defendant in error.

ARNOLD, J.—In this case the trial court sustained plaintiff's motion to correct an alleged erroneous record of judgments on the interplea and plea in abatement, after the expiration of the term at which such judgments were entered. The cause is before us on writ of error sued out by Charles Gleason.

The facts of record are that the original action was filed in the circuit court of Putnam county, Missouri, in January, 1925, and by change of venue was taken to the circuit court of Grundy county and there tried. The petition is in five counts, based upon as many separate promissory notes executed by Charles L. and Katie Gleason, husband and wife. The note described in the first count was payable to the order of Wentworth Mercantile Company, a partnership, and by it assigned to plaintiff for value. The second and third counts are based on notes payable to the Farmers Bank of Unionville, Missouri, and assigned by that bank's cashier to plaintiff for collection. The fourth and fifth counts were based on notes payable to the Citizen's Bank of Unionville and by the cashier thereof assigned to plaintiff.

In aid of the original suit a writ of attachment was issued, based upon grounds of fraudulent disposition of defendant's property, the attachment running against certain goods and chattels, as well as lands, of defendants. Prior to the trial of the case a young son of defendants, Clyde Gleason, filed an interplea claiming the attached property as his personal property. Plaintiff duly filed answer to said interplea. Within due time, defendants filed a plea in abatement to the attachment, and on the same day, filed answer to the merits by way of general denial. Upon the issues thus joined the cause was tried on November 24, 1925.

It appears of record that it was stipulated and agreed that the evidence should be submitted to the court sitting as a jury on all the issues presented, to-wit, the interplea, the plea in abatement and the merits, and that the court should decide the separate issues involved. Evidence in support of her answer to the interplea and attachment was introduced by plaintiff; also the notes sued on in support of the case on its merits. At the close of plaintiff's evidence, defendants interposed the following demurrer:

"For the reason that the proof made by the plaintiff as to the assignment of the notes are not in compliance with section 11762, Revised Statutes 1919, this demurrer is made to count—and make the same demurrer to the assignment of the notes—to the pretended assignment of the notes of the Citizens Bank by S. B. Hayward to Mary Greggers; to the pretended assignment of the notes of the Farmers Bank of Unionville, by A. L. Cassiday to Mary Greggers, and to the assignment of the note of the Wentworth Mercantile Company, not by anyone, to specifically direct that in a copartnership each member shall sign the assignment of the property of the mercantile company or of the copartnership, acting under a trade name, and for this reason there has been no proof of the assignments of the notes upon which the original attachment suit is founded."

This demurrer was sustained and the clerk of the court entered on her minutes "Demurrer Sustained," following the title of the case. On the witness stand the clerk stated this was the only entry made by her at that time as to the disposition of the case. However, the judge's docket shows the following entry: "Set for December 24th, trial by jury, and demurrer sustained to plaintiff's evidence." There is no positive showing that this entry on the judge's docket applied to the case herein. The record fails to show any minute made at the time of the trial, or during the term, with respect to the disposition of the case, except the filing of motion for a new trial and continuance. There was no evidence offered on behalf of defendants or the interpleader.

It appears the permanent records of the proceedings were not completed until sometime long after the court had adjourned for the term, when, as appears to have been the custom in that jurisdiction, the clerk placed of record entries furnished by counsel for defendants and the interpleader. The said record shows the action of the court in sustaining the demurrer; the purported judgment for the interpleader, and judgment for defendants on the merits and on their plea in abatement; also dissolution of the attachment.

On the day following the trial, to-wit, November 25, 1925, plaintiff filed a motion for a new trial, assigning sixteen reasons in support thereof, only one of which is presented in the record and that one reads:

"Because the court erred in sustaining the defendant's motion at the close of the plaintiff's evidence and case, in the nature of a demurrer to plaintiff's case, and instructing that under the pleadings and the evidence the plaintiff was not entitled to recover on either count of plaintiff's petition, and finding for the defendant, over the objections and exceptions of the plaintiff then and there made."

The cause was thereupon continued to the February term, 1926, of the court, at which term the motion for a new trial was sustained.

From this action and ruling defendants appealed to this court where the ruling of the trial court in sustaining the motion for a new trial was affirmed, November 7, 1927, upon the grounds that the demurrer was aimed at all the counts of the petition, in the face of the fact that plaintiff had made out a case under count one, the evidence tending to show that the note covered by count one was assigned to plaintiff for value, and that she was the absolute owner thereof; and that section 11762, Revised Statutes 1919, has no application to the indorsement of a note by a partnership as is present in reference to the note sued on in count one. [Greggers v. Gleason, 299 S. W. 633, 634.]

At the June, 1928, term of the circuit court of Grundy county, plaintiff filed her motion for an order of the court directing that the record pertaining to the erroneous judgments for defendants on the interplea and therein set out and entered in the permanent record by mistake of the clerk, be stricken out as erroneous and void, and of no effect.

The said motion came up for hearing at the November term, 1928, and was sustained by the court and the purported judgments in controversy were ordered stricken from the record, the court remarking at the time: "Without taking up time, I know the whole thing; no such judgment was ever contemplated, or ever made by the court; the only point now is, whether or not this proceeding could be counted as a direct attack on the judgment or by direct suit; that is, the term having passed; that's the only thing in the court's mind about it; no use to take up time about the sustaining of the demurrer; that was sustained, because the court was of the opinion the plaintiff did not have title to the notes sued on; that was not a finding that interpleader had title; was not intended to so find; there was ground for the attachment or the plea in abatement would have been sustained."

The court further remarked:

"Motion of plaintiff to set aside judgment heretofore entered is sustained as to plea in abatement and the interplea. The court intends by sustaining the motion to set aside the judgment and record as set out in the motion.

"The court does not hold that the minute entry sustaining a demurrer does not authorize the clerk to write the judgment that the entry would support; but in this demurrer that only went to the merits, and the sustaining of that kind of a demurrer on the minute entry sustaining it, would not authorize the judgment that is here entered; that is, judgment for the interpleader and plea in abatement."

Separate motions for a new trial in behalf of defendant Charles L. Gleason and interpleader Clyde Gleason were overruled, and the cause is here on writ of error as stated.

Three assignments of error are presented: (1) The court erred in sustaining the motion setting aside the judgment on the interplea; (2) in setting aside the judgment on the plea in abatement, and (3) in assuming jurisdiction of the case.

The first point urged is that the court could not interfere with the judgment generally after the adjournment of the term. In this connection it is pointed out the judgments in question were rendered on November 24, 1925, and the motion to strike them from the record was not filed until the June term, 1928, and the ruling thereon was at the November term, that year. In support of this contention, defendants rely chiefly upon the case of State ex rel. v. Tate, 109 Mo. 265 wherein it is said:

"An erroneous judgment, regularly reached in accordance with established rules of procedure, cannot be reversed by such a motion interposed after the lapse of the term at which it was pronounced."

We note it is also said in the Tate case, referring to the inclusion in the judgment entry of the name of a certain defendant:

"In contemplation of law it was as if never entered there, and to strike it out was to do nothing more than shape the form of the record to conform to the legal truth."

If the quoted lines from the Tate case set out by defendants have any application here it must be assumed that the judgments herein were "erroneous judgments, regularly reached" in accordance with established rules. The record herein does not support such assumption. It should be borne in mind there is a distinction between erroneous judgments, regularly reached and purported judgments which never were rendered. It is defendants' contention that the entry in the record "demurrer sustained" is sufficient to include and support the purported judgments on the interplea and plea in abatement.

Defendants seem to derive some comfort from the remarks of this court in stating the facts in the former appeal (Greggers v. Gleason, 299 S. W. 633) to the effect that—

"The court rendered judgment for defendants upon their plea in abatement and for the interpleader . . . and sustained defendants' demurrer to plaintiff's evidence on the merits."

At that time the court had only the certified records before it and no question was raised as to its validity. On the former appeal we made no attempt to pass upon the questions here involved and the quotation from the statement of facts is not conclusive and constitutes no ruling herein.

The position of defendants is not supported by the evidence, for, as shown by the record, the demurrer in question refers only to the testimony on its merits, and hence may not be construed to include the separate issues, to-wit, the interplea and plea in abatement. Moreover, the trial court, in sustaining plaintiff's motion to set aside the purported judgments on the interplea and plea in abatement, said:

"The court does not hold that the minute entry sustaining the demurrer does not authorize the clerk to write the judgment that the entry would support; but in this demurrer that only went to the merits, and sustaining that kind of a demurrer on the minute entry sustaining it, would not authorize the judgment that is here entered; that is, judgment for the interpleader and plea in abatement."

It is clear, therefore, that no judgment was rendered by the court on either the plea in abatement or the interplea. In the case of Kansas City Pump Co. v. Jones, 126 Mo. App. 536, 540, 104 S. W. 1136, this court held:

"A clerk is a mere ministerial officer, the hand of the court, and has no authority to enter a judgment not pronounced by the court. His entry of a judgment in the records is designed to stand as a perpetual memorial of the court's action, but the judgment itself 'is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict.' The entry by the clerk of a judgment the court did not render was a nullity, and the error thus committed was one which the court had jurisdiction to rectify even at a term subsequent to that at which the judgment was rendered."

The Supreme Court approved this opinion in State ex rel. v. Cockrell, 280 Mo. 269, 288, 217 S. W. 524.

Conceding, for the sake of argument, that the trial judge should have rendered judgments for defendants on the interplea and plea in abatement, the weakness of defendants' position is that they were not so included, and no one but the court had jurisdiction to pronounce such judgments. Defendants urge the trial court is without jurisdiction to correct a judgment entry after the expiration of the term of court during which it was entered, but under authority of the opinion last quoted, and our ruling herein to the effect that the judgment as entered by the clerk had not been rendered by the court and was therefore a nullity, that question has been answered. In contemplation of law, the recorded judgment was never entered, and in striking it out the court did nothing more than to shape the record to conform to the facts. The rule is a court possesses the inherent power to correct errors in the records which result from mistakes of the clerk. In Kreisel v. Snavely, 135 Mo. App. 155, 158, 115 S. W. 1059, it is said:

1114

"It has been held repeatedly that the trial court, even after the expiration of the term at which a judgment is entered, possesses the inherent power to correct errors in the record which result from the misprision or mistake of the clerk." [See also Cauthorn v. Berry, 69 Mo. App. 404.] In support of their position defendants cite Hallen v. Smith, 305 Mo. 157, 169, 264 S. W. 665, wherein it is said:

"The rule is well settled that when an issue of fact or law is joined on a plea in abatement and found for the defendant, the judgment or decree required to be given is that the action or suit be dismissed."

This rule does not apply to the facts here presented, for the reason that no judgment or decree was rendered by the court on the issues in respect to the plea in abatement and the interplea.

Finally, it is insisted that plaintiff's motion to set aside or correct the record judgments was not sworn to and therefore should not have been sustained by the court. We hold this point is without merit as applied to the case at bar which invokes the inherent power in the trial court to correct its own records at any time when there was in fact no judgment rendered as purported by the records of the court, and must be held not to be a proceeding under the statute. Plaintiff insists that even if verification were required the point was waived by defendants in participating in the trial on the motion without making the objection urged here. In this respect plaintiff's position is good and we so hold. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.