**E. C. ROBINSON LUMBER COMPANY, a corporation, Plaintiff-Appellant,**

v.

**A. B. HAZEL and Ludmila Hazel, Defendants-Respondents.**

**No. 7181.**

Springfield Court of Appeals.

Missouri.

Sept. 23, 1954.

Bloodworth & Bloodworth, Poplar Bluff, for plaintiff-appellant.

Cope & Ponder, Poplar Bluff, for defendants-respondents.

STONE, Judge.

Plaintiff appeals from an order overruling its "Motion to Enter a Nunc Pro Tunc Order". In its petition, plaintiff sought judgment against defendants for $3,078.77, as the balance due for materials "furnished by plaintiff at the request of the defendants, agents and employers" for use in "construction of a certain residence" on a described tract of thirty acres, and in which plaintiff prayed "that same may be declared a lien against the property hereinabove described." In their answer, defendants denied that "plaintiff is entitled to a judgment for any amount against the defendants or to a lien upon their said property." When the cause came on for trial before the court and a jury on May 2, 1952, it was shown during presentation of plaintiff's case that the petition had been filed on January 25, 1952, which was the *ninety-second day* after October 25, 1951, the date on which plaintiff's lien statement had been filed with the circuit clerk (Sec-

tion 429.080) and thus that suit had not been commenced "within ninety days after filing the lien," as required by Section 429.170. (All statutory references are to RSMo 1949, V.A.M.S.) The court thereupon sustained defendants' objections to enforcement of a materialman's lien but ordered "that this cause * * * proceed upon a trial on the account." At the close of plaintiff's evidence, plaintiff asked leave "to file involuntary non-suit, to dismiss, without prejudice," whereupon it was "ordered, considered and adjudged by the court that this cause be dismissed without prejudice."

The transcript reflects no further action until plaintiff filed in the same case more than two months later, to-wit, on July 3, 1952, its "Motion to Enter a Nunc Pro Tunc Order" by which plaintiff sought an order requiring the Circuit Clerk of Butler County "to change the date of filing plaintiff's petition from January 25th, 1952, to January 5th, 1952," because "said petition was filed in the Circuit Clerk's office on or about January 5th, 1952, but said Clerk inadvertently failed to docket said cause until the 25th of January, 1952."

At the hearing on plaintiff's motion on August 1, 1952, plaintiff's attorney of record in the trial court (not, however, an attorney of record on appeal) was permitted, over defendants' objections, to testify in substance that he had filed plaintiff's petition in the office of the Circuit Clerk of Butler County "in the first week of January, 1952," although he frankly stated that "I don't know the exact date it was delivered"; that, when the petition was, on that occasion, given to one Lola Sechrest, who did not testify and whose official position is not shown by the record (although we assume that she was a deputy clerk), "the regular $15 cost deposit" was not paid because of plaintiff's "policy"— "the Lumber Company issues the checks themselves and the auditor I understand has to rule on it"; that "it was at least ten days or two weeks after I filed the petition that I told (plaintiff's manager) to go up there and pay the costs"; and that, in the meantime, Lola Sechrest had called about the cost deposit—"I had forgotten about it." Plaintiff's manager testified that, after a telephone call from plaintiff's attorney, he (the manager) had paid a cost deposit to the circuit clerk, who had issued a receipt therefor; that "I couldn't tell you exactly what it was, but it was during the month of January (1952) all right"; and that he had no personal knowledge as to when suit had been filed.

Receipt No. 2930 issued by the circuit clerk, acknowledging payment of $15 by E. C. Robinson Lumber Co. as "docket fee" in the instant case, was dated January 25, 1952. Summonses to defendants were issued on January 25, 1952, and were served the following day. Entries on the judge's docket sheet showed "suit filed Jan. 25, 1952, date of service 1/26/52, answer filed February 20, 1952." The circuit clerk testified that, when a suit is filed, "we give a receipt for the money and then we put the case in the return docket"; and, with "the return docket" before him, he stated without objection that the instant case had been filed on January 25, 1952, and had been entered in the docket on that date. He specifically denied that the "petition lay around in (my) office two or three weeks before it was filed."

Personal inspection reveals that plaintiff's petition was stamped "Filed" by the circuit clerk on "Jan 25, 1952", and that the filing legend obviously was placed upon each of the two pages of the petition with a rubber stamp, except for the day of the month, i. e., "25", *plainly* imposed on each page *with pen and ink* over what appears to have been a *single stamped* figure which, however, was covered almost completely by the *two written* figures "25". Plaintiff's counsel refer to the stamped figure, for all practical purposes obliterated by the written figures "25", as "a one digit number" but they express no opinion and hazard no surmise as to what the single covered and obliterated figure may have been. No witness was interrogated and no testimony was offered concerning the two written figures "25" or the single

stamped figure covered thereby. Although we will not engage in speculation as to what the single stamped figure may have been, it obviously was *not* "5", the day of the month to which plaintiff's counsel seek to change the filing date.

We turn to the legal principles which we believe to be determinative and controlling on the record before us. Every court has inherent power to correct errors in its records resulting from clerical mistakes or misprisions of its clerk [Schulte v. Schulte, Mo., 140 S.W.2d 51, 53(1); Gibson v. Chouteau's Heirs, 45 Mo. 171, 173; Greggers v. Gleason, 224 Mo.App. 1108, 29 S.W.2d 183, 186(2); Ward v. Bell, 157 Mo. App. 524, 137 S.W. 1026, 1027(2); 14 Am. Jur., Courts, Section 142, p. 352]; and, even though the court may have lost jurisdiction of the case, as by appeal, it still has this inherent authority to correct its records so that they may speak the truth [State ex rel. Buckner v. Ellison, 277 Mo. 294, 210 S.W. 401, 403(3); Abbott v. Seamon, Mo.App., 217 S.W.2d 580, 585(4); Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 159 S.W.2d 690, 693(5)]. However, no principle is more firmly established in this jurisdiction than that, after a judgment has become final, an order of correction nunc pro tunc cannot be made unless it is supported by and based on some entry, minute or notation in the record, or some paper on file in the case. City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726, 729(7); Schulte v. Schulte, supra, 140 S.W.2d loc. cit. 53(3); Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 842(2), 126 A.L.R. 949; Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986, 989(4); State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S.W.2d 22, 25(7); Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 10 S.W. 2d 914, 915(2); Burnside v. Wand, 170 Mo. 531, 71 S.W. 337, 339, 62 L.R.A. 427; Missouri, K. & E. Ry. Co. v. Holschlag, 144 Mo. 253, 45 S.W. 1101; Ackley v. Ackley, Mo.App., 257 S.W.2d 401, 403(1); Haycraft v. Haycraft, Mo.App., 141 S.W. 2d 170, 171. That no such order nunc pro tunc can be made on parol evidence is settled and not open to argument. Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, 64(5); Burton v. Burton, 288 Mo. 531, 232 S.W. 476, 477(2); Young v. Young, 165 Mo. 624, 65 S.W. 1016, 1017; Ross v. Kansas City, Ft. S. & M. R. Co., 141 Mo. 390, 38 S.W. 926, 927; Monk v. Wabash R. Co., 166 Mo.App. 692, 150 S.W. 1087, 1088 (1).

In the instant case, the period of thirty days within which the court retained control of the judgment of dismissal entered on May 2, 1952 (Section 510.370; 42 V.A.M.S. Supreme Court Rules 3.24 and 3.25), had expired before plaintiff's "Motion to Enter a Nunc Pro Tunc Order" was filed on July 3, 1952. Under the authorities hereinbefore cited, it is clear that the court could not have entered an order of correction nunc pro tunc requiring the clerk "to change the date of filing plaintiff's petition from January 25th, 1952, to January 5th, 1952," unless such order had been supported by and based on some entry, minute or notation in the record, or some paper on file in the case; and, careful review of the transcript compels the conclusion that there was no such support or basis for the order sought. Plaintiff averred in its motion that the petition had been filed *"on or about January 5th, 1952,"* and the parol evidence offered by plaintiff (inadmissible though it was) did no more than support the earnest, but nevertheless somewhat indefinite, contention that the petition had been filed "in the first week of January, 1952." The rule requiring that "the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing" the requested nunc pro tunc entry "is sound, and it should be enforced for the preservation of the integrity and sanctity of the records of courts, their orders and judgments, and for the protection of the rights, and the performance of the duties which those records create. It may be that, in a given case * * *, the rule may work a hardship. But to make an exception would be to destroy efficacy of the rule." Doerschuk v. Locke, supra, 51 S.W.2d loc. cit. 64.

The order of the circuit court overruling plaintiff's "Motion to Enter a Nunc Pro Tunc Order" should be and is affirmed.

McDOWELL, P. J., concurs.