Dora CLAYTON (Plaintiff), Appellant,

v.

HOLLAND FURNACE COMPANY, a Corporation (Defendant), Respondent.

No. 29607.

St. Louis Court of Appeals.

Missouri.

April 2, 1957.

Henry D. Espy, St. Louis, for appellant.

Flynn & Parker, Joseph L. Badaracco, St. Louis, for respondent.

ELMO B. HUNTER, Special Judge.

This is an action for damages for breach of contract. Dora Clayton, plaintiff-appellant, contracted with Holland Furnace Corporation, defendant-respondent, for the installation of a forced hot air heating system in her home. On her claim that it was, not installed and did not operate in the manner provided in the contract, she recovered a judgment in the magistrate court for $1,500. On a trial de novo on appeal to the Circuit Court of the City of St. Louis before Judge Michael J. Scott plaintiff received a verdict for $1,431.62. Defendant duly filed its motion for judgment in accordance with its motion for a directed verdict, or in the alternative for a new trial. According to the order entered by the clerk the trial judge on August 3, 1955, overruled that part of the motion asking judgment in accordance with defendant's motion for a directed verdict and also that part

of the motion asking in the alternative for a new trial. On August 12, 1955, defendant appealed to this court from the judgment entered on August 3, for plaintiff for $1,431.62. The defendant was unable to prepare its transcript within 90 days and was granted an additional 90 days to file it. Defendant still being unable to file the transcript within six months, this court granted it an additional 90 days. Within that time and on March 2, 1956, defendant filed with the trial court an application for a nunc pro tunc order as described hereinafter. On March 29, 1956, plaintiff filed its motion to strike that application. At a hearing held on April 6, 1955, the trial court sustained defendant's application and entered its order nunc pro tunc overruling defendant's motion for judgment in accordance with its motion for directed verdict and sustaining defendant's motion for a new trial on the ground that the verdict and the judgment is against the law and the evidence.

On April 16, 1956, defendant withdrew its notice of appeal, and plaintiff appealed from the judgment of the court granting a new trial nunc pro tunc on the 6th day of April 1956.

The transcript of the record reveals that the original motion titled, "Defendant's motion for judgment in accordance with its motion for a directed verdict or in the alternative for a new trial", consisted of four pages. On page one was written "Filed May 7, 1955, Dan Sullivan." Also, at another place on the margin of that page appeared the following: "Overruled Michael J. Scott, Judge." On page two thereof there appeared this notation: "Motion for new trial sustained on ground being against the law and the evidence. Michael J. Scott, Judge." This notation appeared on the margin of that part of page two where the, motion asked in the alternative for a new trial.

There was no evidence offered at the hearing. Defendant's counsel in its brief explains that the clerk merely looked at the first page of the motion and mistakenly

thought that the Judge had overruled the entire motion, thereby overlooking the page two notation sustaining the alternative portion of the motion and granting a new trial. Defendant also states that this clerical error was not discovered until the court reporter saw it while glancing through the file prior to preparing the transcript on appeal, and that prior to this discovery plaintiff and defendant mistakenly thought the clerk's entry was the true and full order of the court. Defendant also says in its brief that when the matter was called to Judge Scott's attention he remembered his actual order granting the new trial. However, we disregard all of these statements by defendant. They are not supported anywhere in the transcript, and are mere ipse dixit of counsel concerning matters not conceded by its adversary.

Plaintiff contends that the circuit court was without authority to sustain defendant's motion for a new trial nunc pro tunc made more than 30 days after the record showed that motion had been overruled.

■ We cannot agree with plaintiff's contention. It has long been established that every court has the inherent power to correct errors in its records resulting from clerical mistakes or misprisions of its clerk. State ex rel. Holtkamp v. Hartmann, en banc, 330 Mo. 386, 51 S.W.2d 22; E. C. Robinson Lumber Co. v. Hazel, Mo.App., 271 S.W.2d 610.

■ Where the original judgment entry is not the judgment of the court, the trial court *at any time* can properly enter the judgment actually rendered. McCarthy v. Eidson, en banc, Mo.Sup., 262 S.W.2d 52, 54; Abbott v. Seamon, Mo.App., 229 S.W. 2d 695, 699; 49 C.J.S., Judgments, § 237, page 449. This is so even though the trial court may have lost jurisdiction of the case, as by appeal, for a trial court continues to have the control of its own records and the need for them to speak the truth remains. Abbott v. Seamon, Mo.App., 217 S.W.2d 580, 587; Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 159 S.W.2d 690;

Greggers v. Gleason, 224 Mo.App. 1108, 29 S.W.2d 183.

■ However, it is equally well settled that a nunc pro tunc order may be made only when it is supported by and based on some entry, minute or notation in the record, or some paper on file in the case. State v. Kitchin, Mo.Sup., 282 S.W.2d 1, 4; State ex rel. Holtkamp v. Hartmann, en banc, 330 Mo. 386, 51 S.W.2d 22; E. C. Robinson Lumber Co. v. Hazel, Mo.App., supra; Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 285, 10 S.W.2d 914, 915. Parole evidence cannot be the basis of the nunc pro tunc order. To allow such entries to be made on facts resting in the memory of witnesses, or even of the judge himself, and their statements as to what occurred would cause confusion and uncertainty and is not permitted. State v. Kitchin, Mo.Sup., supra; State v. Libby, 203 Mo. 596, 102 S.W. 641; Burton v. Burton, 288 Mo. 531, 232 S.W. 476; E. C. Robinson Lumber Co. v. Hazel, supra; Dorton v. Kansas City Rys. Co., 204 Mo. App. 262, 224 S.W. 30; Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62.

■ With this well-recognized rule before us, we consider plaintiff's other contention that the nunc pro tunc order before us was not founded on any entry in the judge's docket, or in the minutes of the cause or in some paper required by law to be filed, and, therefore, could not be made by the trial court. Again, we disagree with plaintiff's view of the matter. Defendant's motion for judgment in accordance with its motion for a directed verdict, or in the alternative for a new trial was a paper on file in the case. It contained the notation over the apparent signature of the trial judge "Motion for new trial sustained on ground being against the law and the evidence." The trial judge had that motion and its notation before him, and made the nunc pro tunc order in accordance with it. We believe that the court's records thus did provide a proper basis for the trial judge's nunce pro tunc order.

Some complaint is made by plaintiff that there was no evidence offered at the hearing; that the clerk who made the original entry was not present and plaintiff was not given the opportunity to cross-examine any witnesses. We note that plaintiff was given notice of the hearing on the motion for the nunc pro tunc order. There is nothing in the record to indicate that he was denied the right to call any witnesses he wished for proper testimony. Nor was there any duty on the defendant to call any particular witnesses when it was relying upon something before the court legally sufficient to provide the basis for the nunc pro tunc order which the court made.

Accordingly, the judgment is affirmed.

MATTHES, Acting P. J., and ANDERSON, J., concur.