**Albert Lonzo CANTRELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32219.**

Missouri Court of Appeals,
Western District.

Oct. 27, 1981.

Albert L. Cantrell, pro se.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The pro se petitioner Cantrell, a federal prison inmate, brought proceedings in forma pauperis against the State of Missouri for *Expungement and Order Directing Request for Return of Files.* The petition alleged that the criminal records kept by the Missouri State Highway Patrol mistakenly report a year 1964 burglary conviction in fact reversed by the Missouri Supreme Court and never again prosecuted. That erroneous entry, the petition alleges, impairs the grant of a federal parole from his present imprisonment. The suit papers were served upon the attorney general. The circuit court sustained the motion of the attorney general to dismiss the petition, but without statement of reasons. The motion to dismiss contended that the proper party defendant was not the State of Missouri, but the Missouri State Highway Patrol, constituted as the custodian of criminal records by law. [§ 43.120.4]. The motion contended also that the petition, in any event, states no cause of action. The pro se petitioner conceded to the court that the State of Missouri was an erroneous party and requested to name the State Highway Patrol and the Superintendent as party defendants in lieu of the State of Missouri. The court, by peremptory order, dismissed

the petition without hearing, and appeal ensues.

The request by the petitioner to the court to name the State Highway Patrol and Superintendent as the defendants in place of the State of Missouri was, to all intents, a concession that the petition as it stood was not a valid claim for relief. The request to the court was also equivalent to a motion to amend the party defendant of the petition by the issuance of summons and service of process. The petitioner was entitled to that procedure as a matter of course [Rules 54.-01, 54.03, 55.33(a) and (c)] and the denial of that request was an abuse of discretion unless the petition as amended conformably to the motion failed to state a claim for relief.[1]

The motion to dismiss asserted that the relief for expungement of the criminal record sought by the petition was possible only under the Sunshine Law [§§ 610.100 through 610.115]. That enactment took effect some ten years after the year 1964 burglary conviction the petition seeks to expunge and so, the argument goes—and the court implicitly determined—was not available to relieve the petitioner of the record burglary conviction even if mistaken.[2] The provisions of the Sunshine Law, however, were not the basis for the expungement relief pleaded in the petition. Rather, the petition [Motion for Expungement, etc.] alleged quite plainly that the

"judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exist [sic] to vindicate substantial rights provided by statute as well as by organic law."

The brief of the pro se petitioner casts argument in terms of the efficacy of the Sunshine Law, but that was quite evidently prompted by the disposition of the court to adopt the proposition tendered by the attorney general as the rationale for the judgment of dismissal.

The terminology of the petition formulates a contention for the expungement on common law principles.[3] The sense of the allegations, informed by the appendages, however, seeks to correct an otherwise incorrect official entry on a criminal case rather than to efface the record altogether. The petition pleads that, contrary to the official F.B.I. sheet entry, the ten-year sentence reported upon a conviction for burglary in year 1964 was dismissed by the Missouri Supreme Court for failure of the indictment, and never reinstated and reprosecuted. The petition states that this record error prevents earlier release from his present imprisonment and so seeks correction.

■■■ The conviction was returned in Adair County and, in the usual course, any mandate of reversal or vacation of conviction from the Supreme Court is or should be reflected there. If that record—the source of the dissemination of the official information as to that proceeding—does not show a vacation of conviction actually mandated, then a motion lies to the circuit court of Adair County to correct the error. A court has inherent power to correct errors in its records from mistakes or misprisions of the clerks. *Robinson Lumber Company v. Hazel*, 271 S.W.2d 610, 612[1–3] (Mo.App.1954); Rule 29.12(c). The petition was to the circuit court of Cole County, however, a venue

---

**1.** That the rules of amendment appertain both to the averments of petition and to the party designates is clear from both the terms of Rule 55.33(c) and case law. *Briggs v. Cohen*, 603 S.W.2d 20[1–6] (Mo.App.1980). See also Rule 55.33(a) "Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ."

**2.** The petition alludes to *State v. Cantrell*, 403 S.W.2d 647 (Mo.1966). That decision exonerated the defendant [our petitioner] from the

jury determination of guilt and reversed conviction because the indictment was fatally defective.

**3.** There is doubt that Missouri jurisprudence recognizes any right of expungement of an official record other than as provided by statute. See § 109.270 and *Cissell v. Brostron*, 395 S.W.2d 322 (Mo.App.1965). The other jurisdictions are divided on the question. See Annotation: Arrest Records—Expungement, 46 A.L. R.3d 900.

without authority over the subject matter of the records of the criminal prosecution. The petition was properly dismissed.

The judgment is affirmed.

All concur.