[No. 2223, April 3, 1919.]
## STATE V. TOWNDROW.

### SYLLABUS BY THE COURT.

Section 15 of article 6 of the Constitution provides: "Whenever the public business may require, the Chief Justice of the Supreme Court shall designate any district judge of the state to hold court in any district, and two or more district judges may sit in any district or county separately at the same time." Under this provision of the Constitution, where the Chief Justice of this court has designated a district judge other than the regular presiding judge of any given district to preside over the trial of any given cause, his jurisdiction of said cause is exclusive, and continues until the cause is disposed of or until his designation is rescinded.

Appeal from District Court, Quay County, Leib, Judge.

John Henry Towndrow was convicted of voluntary manslaughter. His motion for a new trial was overruled, and he appeals. Reversed and remanded, with direction to award a new trial.

See, also, 19 N. M. 672, 145 Pac. 257.

MORROW & ALFORD, of Raton, J. G. NORTHCUTT, of Denver, Colo., H. H. McELROY, of Alamogordo, and CATRON & CATRON and FRANK J. LAVAN, all of Santa Fe (F. S. MERRIAU, of Raton, of counsel), for appellant.

H. L. PATTON, Atty. Gen., for the State.

### OPINION OF THE COURT.

PARKER, C. J.   The defendant was indicted for the crime of murder in Colfax county on May 5, 1915.   On May 20th the venue, upon the application of the defendant, was changed from Colfax county to Quay county, in the same judicial district.   On the 7th of April, 1916, Mr. Justice Roberts, then Chief Justice of this court, under section 15 of article 6 of the Constitution, designated Judge David J. Leahy, district judge of the Fourth judicial district, to preside at the trial of the cause. This designation of Judge Leahy by the Chief Justice of this court has never been rescinded.   Notwithstanding this fact, the district judge of the Eighth district, over the protest of the defendant, set the case down for trial at Tucumcari, in Quay county, for October 12, 1916, before himself as the presiding judge.   The trial was begun on the 12th of October, 1916.   On the 13th of October a temporary writ of prohibiton and order to show cause were issued out of this court prohibiting said district judge from proceeding with said trial and requiring him to show cause why he should not be permanently restrained from so doing.   Hearing was had upon this writ of prohibition, and a majority of the court exercised its discretion to refuse the writ upon the ground that the jurisdictional question would be still available to the defendant in case of conviction, and in view of the fact that

the trial had already been begun.   The trial was there-
upon resumed, and on the 22d of October, 1916, resulted
in a verdict of voluntary manslaughter.   Defendant's
motion for a new trial having been overruled, the case
is here upon appeal.

Appellant presents to the court the simple proposition
that, after another district judge has been appointed to
preside over a given trial, he has the exclusive jurisdic-
tion over the cause, which continues until it is finally
disposed of in the district court or his designation by the
Chief Justice has been rescinded.   Counsel cite several
cases, all of which support the proposition made, and the
Attorney General concedes that there are none to the
contrary.

In State v. Sachs, 3 Wash. 691, 29 Pac. 446, a special
judge had been agreed upon according to the local pro-
cedure in Washington, though the agreement was not
shown to have been signed by the parties.   The special
judge tried the case, finding for the plaintiff.   The de-
fendant filed a motion to vacate the judgment because
the agreement for the special judge was not shown to
have been in writing.   This motion was heard by the reg-
ular judge, sustained, and the judgment vacated.   The
court said:

"Furthermore, the judge who granted the motion to vacate
had no jurisdiction in the premises.   He was disqualified from
acting therein by the provision contained in subdivision 4, §
51, Code 1881, providing that a judge is disqualified when he
has been of counsel for either party.   The statute authorizes
him to grant a change of venue in such case, and his right to
approve the agreement of the parties for the appointment of
a judge pro tempore is not questioned in this case, and there
seems to be no good reason why he should not be allowed to
approve thereof.   The agreement of the parties is the im-
portant matter connected with such an appointment, not the
method by which the agreement is evidenced, and, if the party
agreed upon is otherwise qualified under the statute, the ap-
proval of such an agreement by the judge is rather a matter of
form than otherwise, very like that of directing a change of
venue where the judge is disqualified.   No other objection than
the one specified was raised to the appointment of the judge
pro tempore in this instance, and it appears that he had all
the necessary requisites.   The action had before Sachs, J., pur-

porting to set aside the judgment, was more than irregular, it was void, because said judge was disqualified under the statute, he having been an attorney in the case. It was also void because the cause had in fact been transferred ,to said judge pro tempore, and he would retain jurisdiction of it to the end. All subsequent proceedings therein should have been had before him as if he were the regularly elected judge."

In Ward v. Bell, 157 Mo. App. 524, 137 S. W. 1026, it was held that, where a special judge is elected to try a particular case, his jurisdiction over the case does not end with the term at which he was elected, but continues until the end of the proceedings in the circuit court.

In Warner v. Ford & Co., 123 Ky. 103, 93 S. W. 650, 12 L. R. A. (N. S.) 667, the regular judge being disqualified to act, a special judge was elected, and it was held that he had a right to preside at a subsequent term to try the case until the proceeding was concluded.

In Small v. Reeves (Ky.) 37 S. W. 682, the regular judge was disqualified to preside in the action, and another was elected as special judge to sit in the case. It did not appear that any steps were taken at the next term of court, but at the following term the special judge took some action in the case. The special judge was asked to vacate the bench by one of the parties on the ground of bias and prejudice, which he declined to do. The court held that, where the special judge is designated, either by agreement or by election or by apointment, to try a particular case or to determine a particular question, and he undertakes to preside and hold the court for the occasion, his power and authority in such case or upon such question continue until it is finally determined.

In State v. Moberly, 121 Mo. 604, 26 S. W. 364, a special judge was called in to try a cause, and did preside therein. At the following term the special judge tried the case, and afterwards the bill of exceptions was signed by the regular presiding judge. The court held that the special judge had retained jurisdiction until the final determination of the cause, and that the bill of exceptions signed by the regular judge should be rejected.

In State v. Neiderer, 94 Mo. 79, 6 S. W. 708, a special judge was elected, and during the trial of a criminal case it was discovered that the indictment had been lost. The special judge thereupon impaneled a grand jury, and the court held that it was within his power, as a part of his duties in that case.

In Bement v. May, 135 Ind. 664, 34 N. E. 327, 35 N. E. 387, it is held that the regular judge had no power to sign a bill of exceptions after a special judge had been appointed.

In State v. Sneed, 91 Mo. 552, 4 S. W. 411, after a mistrial, a special judge still retained his jurisdiction of the cause.

Many other cases migth be cited to the same effect. It seems clear, therefore, that further discussion of the matter is unnecessary. The regular judge of the Eighth judicial district, when the Chief Justice appointed a special judge to try this case, lost, entirely, jurisdiction over the same, except possibly for merely formal matters, and the jurisdiction to preside at the trial was, and still is, in Judge Leahy, district judge of the Fourth judicial district.

This being the case, the whole proceeding was void ab initio. There was no trial, no jury, no verdict, and no judgment in or by a court having jurisdiction over the cause.

The Attorney General confesses this upon argument, and likewise has pointed out numerous other errors which, had the trial been with jurisdiction, would compel a reversal of the case. We do not deem it necessary, however, to discuss these alleged errors, as they probably will not again arise.

For the reasons stated, the judgment should be reversed, and the cause remanded, with directions to award a new trial, and it is so ordered.

RAYNOLDS, J., and HICKEY, District Judge, concur.