28 P.(2d) 533

## CULLENDER v. LEVERS.

### No. 3917.

Supreme Court of New Mexico.

Sept. 26, 1933.

Reese & Reese, of Roswell, for appellant.

O. E. Little, of Roswell, for appellee.

WATSON, Chief Justice.

From the bill of exceptions it appears that this cause was tried before Judge Kiker, of the Eighth District, "sitting by designation of the Chief Justice * * * as judge of the Fifth Judicial District." He signed the judgment as "Judge of the Eighth Judicial District, * * * sitting and acting as and for the Hon. G. A. Richardson, Judge of the Fifth Judicial District, designated by the Chief Justice. * * *" The order granting the appeal was made four months later by Judge McGhee, successor to Judge Richardson.

On these facts appellee moves to dismiss the appeal on the ground that Judge McGhee lacked jurisdiction to allow it.

Appeals are allowed by, and on application to, the district courts. N. M. App. Proc. R. II, § 2, R. III, § 1. The act of a district judge, sitting in his own court, exercising that court's power to grant an appeal, is entitled to every presumption. This record does not show that Judge McGhee was for any reason disqualified to perform this act, or that any other judge had been designated to perform it. It is not made to appear that Judge Kiker was designated to try this particular case, and so State v. Towndrow, 25 N. M. 203, 180 P. 282, is not in point, even if applicable otherwise.

To end a long controversy as to settling bills of exceptions, we have provided by rule that the judge who tried the cause, or another district judge by him or by the Chief Justice designated, shall perform this act. N. M. App. Proc. R. XI, § 2. But there is no analogy which would suggest a similar rule or holding as to granting appeals.

The motion to dismiss should be denied, and it is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.