**W. W. WEST, Appellant,**

v.

**L. C. WAHLENMAIER, Appellee.**

No. 5087.

Court of Civil Appeals of Texas.

El Paso.

March 30, 1955.

Rehearing Denied April 20, 1955.

Whitaker & Brooks, Midland, for appellant.

Turpin, Kerr & Smith and Irby L. Dyer, Midland, for appellee.

HAMILTON, Chief Justice.

L. C. Wahlenmaier as plaintiff brought suit in the district court of Midland County against W. W. West on a promissory note for $11,207.50. The defendant W. W. West admitted liability on such note, but asserted a cross-action against Wahlenmaier for $15,811.91 which he alleged was Wahlenmaier's share of the cost of drilling an oil well in Reeves County, Texas. Wahlenmaier defended against the cross-action by asserting that West had assumed Wahlenmaier's share of the cost of such well as part of the consideration for Wahlenmaier's assignment to West of the oil and gas lease upon which the well was drilled. On a finding by the jury that W. W. West did assume and agree to pay the cost and expense of drilling said well, the trial court entered judgment against West on his cross-action and for Wahlenmaier on the note, from which judgment W. W. West has appealed to this court.

Appellant raises three points on his appeal. The first point complains that there was no evidence to support the finding of the jury that W. W. West assumed responsibility for the cost of the drilling of the well in question. His third point com-

plained that if there is testimony supporting such finding that such testimony was in violation of the parol evidence rule. The second point complains of prejudicial argument of counsel for appellee.

It appears from the testimony that Wahlenmaier and West had agreed that Wahlenmaier was to acquire certain leases in his name, and said leases were to be jointly owned by Wahlenmaier and West, they dividing the cost of the leases equally between them. Wahlenmaier did purchase said leases, and each of them put up an equal amount of the cost. Wahlenmaier and West entered into a contract with Lawless Drilling Company to drill a well on one of the leases. Said well was drilled down to a depth of 3,883 feet. Pipe was set at that depth on January 4, 1953. At this point Lawless Drilling Company had completed its contract and had moved off the location. It was contemplated that the well would be "drilled in" by another contractor with different kind of tools.

On December 25, 1952, Wahlenmaier instigated negotiations with West to sell out his interest to West on the basis that Wahlenmaier would be paid back the money that he had paid for his half interest in the leases, and that West assume the entire cost of the then drilling well, and that Wahlenmaier retain an interest in said leases to be free and clear of all cost of production. It appears that in arriving at an agreement the only contention was as to the amount of interest to be retained by Wahlenmaier. Wahlenmaier testified that they finally reached an agreement on January 2, which agreement was that Wahlenmaier was to receive for his interest his original investment in the leases, West to assume the cost of drilling, and Wahlenmaier to retain a $\frac{1}{16}$ of $\frac{7}{8}$ of the production as an overriding royalty. West testified the agreement was the same except the overriding royalty was to be $\frac{1}{16}$ of $\frac{7}{8}$ of one-half of the production. It was the testimony of Boyd Laughlin, an attorney to whose office the parties went on January 2, and of whom it was requested that he draw the assignment of the leases, that the parties told him that the overriding royalty was to be $\frac{1}{16}$ of $\frac{7}{8}$ of the production, and that he drew the assignment to so provide. A copy of the assignment was delivered to West on about January 7th, and nothing more was said about the transaction until February 6th, when West called Wahlenmaier and told him that he couldn't accept the assignment as drawn, that the overriding royalty should have been $\frac{1}{16}$ of $\frac{7}{8}$ of one-half of the production instead of $\frac{1}{16}$ of $\frac{7}{8}$ of the production. Wahlenmaier in effect told him that he would have to accept the assignment as drawn or that there was no deal. On the next day West accepted the assignment providing for $\frac{1}{16}$ of $\frac{7}{8}$ of the production, and gave his note to Wahlenmaier for $11,207.50, being the amount that Wahlenmaier had paid for his half interest in the leases. The only consideration recited in the assignment was "one dollar and other good and valuable considerations". At the time that West finally picked up the executed assignment and left his note for Wahlenmaier nothing was said about the assumption of the drilling cost of the well.

We think that the evidence amply supports the finding of the jury that W. W. West assumed the cost of the drilling of the well in question, and overrule his point No. 1. West contends that since on the day that he accepted the assignment and gave his note no mention was made of the assumption of the cost that there is no evidence upon which the jury could base its findings. The jury could have believed and evidently did, that the deal as finally closed on February 7th was the consummation of the agreement reached on January 2nd when Mr. Laughlin was requested to draw the assignment, which agreement, of course, included as part of the consideration the assumption of the cost of the drilling of the well by West.

In appellant's point No. 3 he contends that if there was evidence that he agreed to assume the cost of the drilling of the well as part of the consideration in such assignment, that such evidence was in violation of the parol evidence rule. We over-

rule this point, as it is well settled that where an instrument recites a cash consideration and "other good and valuable considerations" it is permissible to show by parol evidence what the other "good and valuable consideration" is. Rule 184, Texas Rules of Civil Procedure; Smith v. Chipley, Tex.Civ.App., 14 S.W.2d 116; Kleck v. Kleck, Tex.Civ.App., 246 S.W. 720; 14 Tex.Jur. 812.

■ Appellant's point No. 2 complaining of argument of appellee's attorney is overruled because the record does not disclose what the argument was, that was objected to by appellant. The mere statement of the substance of the argument in a motion for a new trial is not sufficient. 3–A Tex.Jur. p. 553.

The judgment of the trial court is affirmed.