365 P.2d 445

**Virginia LOHBECK, Plaintiff-Appellee,**

v.

**Don LOHBECK, Defendant-Appellant.**

**No. 6945.**

Supreme Court of New Mexico.

Oct. 10, 1961.

Don Lohbeck, pro se.

M. W. Hamilton, Santa Fe, for appellee.

CARMODY, Justice.

In this case, we are faced with another of the seemingly ever-recurring problems related to the disqualification of judges statute (§ 21–5–8, N.M.S.A.1953). However, on this occasion, we are also asked to consider § 21–1–1(88), N.M.S.A.1953, which is Rule 88 of the district courts, adopted May 23, 1949, to provide a means of expediting the procedure following a disqualification of a judge.

Appellee filed suit for divorce, and appellant, after answering, on May 30, 1960, disqualified all of the judges of the First Judicial District. On June 2d, counsel for appellee filed an affidavit, which stated, in part:

"* * * that it is not possible for your Affiant to agree with said Defendant, acting as his own attorney, on another Judge to preside at the trial of the above styled and numbered cause of action."

On June 8th, there was filed in the office of the clerk of the district court an order, signed by the then chief justice of the

supreme court, designating Judge Luis E. Armijo to try the case. This order stated, in part:

"* * * and it having been made known to the undersigned that no judge has been agreed upon to hear the case and the public business requiring, * * *"

The record before us is silent as to any showing as to how the matter was brought to the attention of the chief justice. Thereafter, the case was tried before Judge Armijo, over appellant's objection, based solely on the ground that the judge had no jurisdiction because the statute and the rule had not been followed as to the designation of the judge. A final decree of divorce and a supplemental decree disposing of the community assets and community debts were entered, and this appeal followed.

No question is raised as to the fairness of the trial, nor as to the trial court's disposition of the case on its merits, the sole ground of appeal being appellant's contention that there was no jurisdiction in the designee judge.

The gist of appellant's argument is that the filing of the affidavit by appellee's attorney denied appellant the opportunity to agree on another judge; that there was no proper certification as to failure to agree; that the designation by the chief justice (which was dated the 7th of June, although not filed until the 8th) deprived the appellant of the opportunity to agree on another judge; and that the action of the trial court in overruling appellant's motion to dismiss for lack of jurisdiction deprived appellant of his right to due process of law as guaranteed by the Fourteenth Amendment of the Constitution of the United States and by Art. II, § 18, of the Constitution of the State of New Mexico.

The statute (§ 21–5–8, supra), insofar as pertinent, reads as follows:

"Whenever a party to any action or proceeding, civil or criminal, * * * shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard * * * cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such judge shall proceed no further therein, but another judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties, or upon the failure of such counsel to agree, then such facts shall be certified to the chief justice of the Supreme Court of New Mexico, and said chief justice of the Supreme Court of the state of New Mexico shall thereupon designate the judge of some other district to try such cause."

Rule 88 above-mentioned, insofar as it concerns this proceeding, is as follows:

"Whenever a district judge has been disqualified to sit in the trial of any action or proceeding, civil or criminal, under the provisions of chapter 184 of the Session Laws of 1933 (1941 Comp., sec. 19–508 [21–5–8]) and opposing counsel have failed for seven [7] days following the filing of affidavit of disqualification to agree upon another judge to try the cause or proceeding, the Clerk of the District Court shall forthwith certify such fact to the Chief Justice of the Supreme Court who thereupon shall designate another judge to sit in the trial of said cause or proceeding. * * *"

Appellant takes the position that absent a literal compliance with the statute and the rule, the designation by the chief justice does not operate to give the designee judge jurisdiction. Such an argument, even if it had merit (as to which we express doubt), overlooks a constitutional provision which we deem controlling. Even though no mention was made in the briefs or in oral argument as to the constitutional powers of the chief justice of the supreme court, the fact that the designation stated " * * * and the public business requiring, * * *." demands our consideration of Art. VI, § 15, of the Constitution of New Mexico, which provides, in part:

"Whenever the public business may require, the chief justice of the Supreme Court shall designate any district judge of the state, or any justice of the Supreme Court when no district judge may be available within a reasonable time, to hold court in any district, and two or more judges may sit in any district or county separately at the same time. * * *"

In State ex rel. Sedillo v. Anderson, 1949, 53 N.M. 441, 210 P.2d 626, 633 we had occasion to discuss the meaning and impact of this section. There it was contended that Supreme Court Rule 25 gave to the next senior justice, if the chief justice was absent, the exclusive power to designate an alternate judge, and that a designation made by the chief justice while in Roswell was void. We stated:

" * * * Indeed, no member of the Court other than the Chief Justice presumes to exercise either his constitutional or statutory power of designation while he is present in the state. *No court rule or statute could take the constitutional power from him,* nor has his right to exercise it anywhere in the state ever been questioned until now. * * *" (Emphasis added.)

As the constitutional provision and its interpretation, without a shadow of a doubt, takes precedence over the statute and the rule, we necessarily find nothing of substance in appellant's arguments concerning them. To again emphasize the broad nature of this constitutional power, we

quote the following from our opinion in the Anderson case:

"* * * Indeed, the provision is silent on how the Chief Justice is to be informed of the occasion for making a designation. The tenor of the language employed yields to no other conclusion than that the Chief Justice himself is to determine existence of the facts calling for a designation. In making such determination, he may rely on facts presented to him by some district judge in connection with a request to designate, although he is not confined to information from that source. The query then follows, having made such determination as recited in an order of designation, how conclusive is it? May its verity be impugned in a challenge to the jurisdiction to act of the judge or justice named in an order carrying such recitals? We think not and shall proceed to state our reasons."

The reasoning and authority for the above holding is amply set forth in that opinion and adopted here. See, also, State v. Towndrow, 1919, 25 N.M. 203, 180 P. 282.

The designation was proper under the afore-mentioned constitutional provision, and there is no merit to the contentions of appellant as to either the claimed procedural deficiencies or the alleged deprivation of due process.

Accordingly, the judgment of the trial court is affirmed, and it is so ordered. ·

COMPTON, C. J., and CHAVEZ, MOISE and NOBLE, JJ., concur.