433 P.2d 229

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Virgil Martin SWEAT, Defendant-Appellant.**

**No. 39.**

Court of Appeals of New Mexico.

Oct. 20, 1967.

Fred C. Tharp, Clovis, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge.

The defendant-appellant, Virgil Martin Sweat, was charged in the Justice of the Peace Court with driving while intoxicated. The accused demanded a jury trial. The Justice of the Peace not being experienced in such matters sought the aid of the district attorney. The district attorney then directed that the case be discontinued· in the Justice of the Peace Court so that he could file the charge in the district court. Following a trial before the district court

the accused was found to be guilty and was sentenced to pay a fine of $150.00. This appeal was then perfected.

The appellant would have us reverse the district court for want of jurisdiction in that forum. It is urged that since § 64–22–2(C), N.M.S.A.1953, vests concurrent jurisdiction in justice of the peace courts and district courts in a case of first offense, that jurisdiction having first attached in the inferior court it could not be divested by the district attorney and transferred to the district court. The appellant relies upon State ex rel. Parsons Mining Company v. McClure, 17 N.M. 694, 133 P. 1063; Malcomb v. Smith, 54 N.M. 203, 218 P.2d 1031; State ex rel. Hockenhull v. Marshall, 58 N.M. 286, 270 P.2d 702; Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027, and Historical Society of New Mexico v. Montoya, 74 N.M. 285, 393 P.2d 21. The cases cited clearly hold that as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a subject matter retains it to the end, subject to certain exceptions. The precise question here is whether or not the entry by the Justice of the Peace on his docket discloses an abandonment, or termination, of the proceedings in that court. The entry on the abstract of the court record was as follows: "By order of D. A. direct to district court. 3–16–66." The district court adopted the theory of the State to the effect that the action having been discontinued, or ended, in the justice of the peace court that the district court could then properly act. We agree. This conclusion is representative of one of the exceptions noted in Ortiz v. Gonzales, supra.

In attacking the jurisdiction of the district court, the appellant also complains of the action of the district attorney in discontinuing the action before the Justice of the Peace and in filing an information in the District Court. The district attorney entered a nolle prosequi in the Justice Court. He has broad powers in entering a nolle prosequi in criminal cases. State

ex rel. Naramore v. Hensley, 53 N.M. 308, 207 P.2d 529; see State v. Puckett, 39 N.M. 511, 50 P.2d 964; § 41–11–9, N.M.S.A. 1953. The district attorney conceded that he entered the nolle prosequi because a jury trial was demanded in Justice Court. Thus, the district attorney's motive was to choose a more experienced and expeditious forum. In such circumstances, Van Gundy v. O'Kane, 142 Colo. 114, 351 P.2d 282 (1960), abated the second action. However, it has also been held that the prosecutor had the right to take such action. State v. Dennington, 51 Del. 322, 145 A.2d 80 (1958). Annot., 117 A.L.R. 423, 424 states:

"* * * [T]he view finding the greater amount of judicial support is that the court which first acquired jurisdiction when a prosecution was commenced therein loses jurisdiction by the entering of a nolle prosequi, and that thereafter another prosecution may be carried on in another court of co-ordinate jurisdiction."

We adopt this view and hold that defendant could be prosecuted in district court after the nolle prosequi was entered in the Justice Court.

Appellant's second point is that the district court erred in refusing to grant his request for a jury trial. Appellant argues that §§ twelve and fourteen of Article II of the New Mexico Constitution give him the right to a jury trial in those cases filed by information in the district court. In Guiterrez v. Gober, 43 N.M. 146, 87 P.2d 437, the court interpreted § 12 of Article II to be applicable only to those cases to which this right was secure at the time of the enactment of our constitution. The appellant says that § fourteen of Article II also gives him the right to a jury trial. In City of Tucumcari v. Briscoe, 58 N.M. 721, 275 P.2d 958, this contention was summarily put at rest and affords the appellant no comfort. See also, Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407. Further, in State v. McFall, 67 N.M. 260, 263, 354 P.2d 547, 548, the difference in the

purposes of §§ twelve and fourteen was stated as follows:

"Article II, § 12, of the New Mexico Constitution, guarantees a trial by jury and Article II, § 14, provides, among other things, that the trial shall be by an 'impartial' jury."

Following the authority set forth in the above cases, the trial court did not err in refusing the request for a jury trial.

Appellant's final point is two-pronged. First, he contends that the trial court erred in admitting the testimony of the state's witness, Dr. C. E. Gordon, on the ground that the state failed to establish that the blood tested was in fact taken from the accused.

■ The issue of lack of proper foundation for the admission of the testimony of the doctor was raised for the first time on appeal and not having been called to the attention of the trial court, it is therefore not properly preserved and may not be raised for the first time on appeal. Sena v. Sanders, 54 N.M. 83, 214 P.2d 226; Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824; Marquez v. Marquez, 74 N.M. 795, 399 P.2d 282; Sec. 21–2–1(20) (2), N.M.S.A.1953.

■ Next, the appellant contends that the evidence was not conclusive, that the expert witness, Dr. C. E. Gordon, was actually present throughout the testing of the blood specimen. The doctor testified that the tests were made under his direction and supervision; accordingly he may properly testify as to the results of the tests. Bryan v. State, 157 Tex.Cr.R. 592, 252 S.W.2d 184; Leonard v. State, 161 Tex. Cr.R. 470, 278 S.W.2d 213; Snyder v. Jensen, 281 S.W.2d 802 (Mo.1955).

Concluding that there was no error, the judgment and sentence of the district court should be affirmed.

It is so ordered.

WOOD and OMAN, JJ., concur.