607 P.2d 666

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Robert ERICKSEN, Omar Gustavo Procell, Darrell Behling, Robert J. Crockett, Robert Duncan and Jayme Williams, Defendants-Appellees.**

**No. 4141.**

Court of Appeals of New Mexico.

Feb. 12, 1980.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Joseph (SIB) Abraham, Jr., Charles Louis Roberts, El Paso, Tex., Albert Rivera, Alamogordo, Albert H. Engel, Neumeyer, Engel & Olszta, Las Cruces, for defendants-appellees.

## OPINION

WALTERS, Judge.

The State contends that the judge designated to hear this case had no jurisdiction

to enter an order dismissing the charges against defendants Ericksen, Procell, Crockett and Williams, with prejudice, after the district attorney had filed a notice of *nolle prosequi* dismissing the cause without prejudice.

Under ordinary circumstances, the State's position is correct. See *State v. Sweat*, 78 N.M. 512, 433 P.2d 229 (Ct.App.1967). But this is not an ordinary case.

■ One judge of the Twelfth Judicial District had recused himself; the other had been disqualified. The Chief Justice designated Judge Marshall to "try said cause and to hear all matters incident to the trial thereof." Having been designated by the Chief Justice, the parties had no statutory right to disqualify Judge Marshall. *State v. McGhee*, 41 N.M. 103, 64 P.2d 825 (1937); *State v. Towndrow*, 25 N.M. 203, 180 P. 282 (1919); *see Lohbeck v. Lohbeck*, 69 N.M. 203, 365 P.2d 445 (1961); *State v. Lujan*, 45 N.M. 103, 111 P.2d 541 (1941). Both in the trial court and in this appeal, the State has ignored the fact that Judge Marshall became the trial judge by the order of the Chief Justice.

■ The district attorney sought to disqualify Judge Marshall pursuant to § 38–3–9(A), N.M.S.A.1978, after the judge had ruled upon several motions and had accepted the parties' stipulation for a non-jury trial in this criminal proceeding. Even if there were a statutory right to disqualify a judge designated by the Chief Justice, the State's affidavit of disqualification was thus untimely and the trial court properly refused to acknowledge its efficacy. *State v. Hester*, 70 N.M. 301, 373 P.2d 541 (1962).

Both State and defense counsel thereafter filed several additional pre-trial motions; and at 8:34 o'clock on the morning when pending motions were scheduled to be heard, the district attorney filed his notice of *nolle prosequi*. At the time set for hearing the motions, Judge Marshall was advised by the State that "the nolle pros dismissal of the prosecution by the State of New Mexico * *. * effectively ends the criminal case *in this particular cause*," but

because it had been "dismissed without prejudice subject to refiling in the matter * * * this matter was refiled [in the Magistrate Court] shortly after the filing of the nolle pros this morning."

The Court examined the newly filed criminal complaints and the affidavits for new arrest warrants; stated on the record that he found them to be virtually identical to the original indictments, and the State's action, therefore, merely a device to circumvent the disqualification limitations. The judge then gave the district attorney two choices: to proceed with the motions hearing, or have the case against defendants dismissed with prejudice. The district attorney argued that the State's motives for filing the *nolle prosequi* were not relevant nor his discretion as a prosecutor subject to judicial review, and that the trial court had lost jurisdiction to do anything further in this matter. The court specifically found that the filing of the *nolle prosequi* was a "sham"; the district attorney made no denials and refused to proceed.

Within thirty days thereafter, the designated judge entered an order of dismissal "with prejudice and without leave to refile," together with findings and conclusions to the effect that the State's conduct (outlined above) was "manipulation * * * to obtain a favorable judge, or 'forum shopping' " and that refusal of the State to proceed was failure to prosecute, thus justifying dismissal with prejudice.

Although considering a different procedural question, the type of conduct present here is exactly what was foreseen in *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972), when the Supreme Court warned that "the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed * * * to circumvent the operation of the rule."

■ We heed the message of *Delgado, supra*, and apply the remedy blueprinted in that decision: We look past the *form* of the district attorney's usual right to file a *nolle prosequi* in any given case upon good cause and honest motives, and focus instead upon

the *substance* of such conduct when he not only fails to demonstrate good faith but leaves no other impression than that he has deliberately engaged in game-playing with the rules, and has misused his discretionary powers to achieve a barred result. A trial judge acts well within his duties to assure that "the most effective use be made of the court's resources" to "supervise *and control* the movement of all cases on its docket from the time of filing through final disposition," and to apply sanctions when reasonable efforts to manage the court's caseload have failed. *See Birdo v. Rodriguez*, 84 N.M. 207, 501 P.2d 195 (1972); *see also ABA Standards Relating to Trial Courts*, §§ 2.30, 2.31, 2.50 (1967), and *Commentary* attending those sections. Especially are these duties served when lawyers scheme to disregard their corresponding responsibility to "avoid unwarranted delays or excuses." *Id.*, § 2.31. Expediting the flow of cases through the courts, which includes taking appropriate action when prosecutors engage in sham procedures, is a peculiarly judicial function. *Delegado, supra.*

We hold that the court below quite correctly refused to recognize the district attorney's attempts to dismiss and refile against these defendants. Accordingly, Judge Marshall had authority to proceed in the matter. The ultimate order of dismissal with prejudice was invited by the district attorney's considered election to suffer that result if he declined to proceed on the hearing scheduled. We have no criticism of the judge's resolution of that stalemate.

The decision of the trial court dismissing the indictment against Ericksen, Procell, Crockett and Williams is affirmed.

WOOD, C. J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I concur in the majority opinion but feel that comment should be made regarding the actions of the District Attorney. From the cold record, his actions were nothing more than a blatant attempt to accomplish indirectly what could not be accomplished directly. The District Attorney was attempting to use his office to satisfy his own personal ends. I am appalled at such behavior. It cannot be condoned.

I direct the Clerk of the Court of Appeals to forward a copy of the majority opinion and this concurring opinion to State Bar Counsel for investigation.