# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                            **NO. 28,950**

**STEPHANIE SALAZAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mike Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals her conviction for aggravated driving while intoxicated (DWI) (refusal). [MIO 1] We proposed to affirm in a notice of proposed summary

disposition and, pursuant to an extension, Defendant has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm her conviction.

**Right to a jury trial**

Defendant contends that she was unfairly deprived of her right to a jury trial when the State dismissed the charges in magistrate court and refiled the charges in district court. [MIO 1, 4-11] We disagree.

Defendant was charged in magistrate court with aggravated DWI, first offense, and failure to maintain lane. [RP 30; MIO 1] *See* NMSA 1978, § 66-8-102(D)(3) (2008). After she pled not guilty and requested a jury trial, *see* Rule 6-602(A) NMRA, [MIO 3; RP 35] the district attorney dismissed the case in magistrate court and refiled the same charges in district court. [MIO 3; RP 11] Defendant was not entitled to a jury trial in district court. *See, e.g.*, *Hamilton v. Walker*, 65 N.M. 470, 472-73, 340 P.2d 407, 409 (1959). After a bench trial, Defendant was acquitted of the failure to maintain lane charge and convicted of the aggravated DWI charge. [MIO 3]

Defendant claims that she was unfairly deprived of her right to a jury trial because the district court failed to determine that the State had a sufficient reason for dismissing the case in magistrate court and refiling in district court. [MIO 4] A

2

criminal defendant does not have a constitutional right to have a magistrate court trial, and the decision whether to bring the case in the magistrate court or the district court is a matter within the prosecutor's discretion. *See State v. Ahasteen*, 1998-NMCA-158, ¶¶ 21-22, 126 N.M. 238, 968 P.2d 328; *State v. Riddall*, 112 N.M. 78, 83, 811 P.2d 576, 581 (Ct. App. 1991) (stating that prosecuting attorneys have the discretion to choose the court in which to bring a criminal action). Moreover, Defendant was charged with aggravated DWI and that criminal statute specifically provides that magistrate courts have concurrent jurisdiction with district courts to try first, second, or third offenders. *See* § 66-8-102(P).

Defendant acknowledges that this case could have been originally filed in district court but argues that, as it was originally filed in magistrate court, the State needed to provide a reason for its decision to dismiss the case from magistrate court and refile in district court. [MIO 4-6] We disagree.

Defendant is correct that a prosecuting attorney's charging discretion is limited if a defendant can show it was based on an improper motive. [MIO 6, 9-10] *See State v. Bolton*, 1997-NMCA-007, ¶ 11, 122 N.M. 831, 932 P.2d 1075 ("Prosecutors may ordinarily do what they wish—unless there is a bad reason for what they do, in which event the court will supervise it in a way that might prevent the prosecution."). However, a defendant must raise the issue of improper motive by making a sufficient

3

showing that the prosecuting attorney is not acting in good faith. *See Ahasteen*, 1998-NMCA-158, ¶ 22. In this case, Defendant failed to do so.

In our notice of proposed summary disposition, we observed that there was nothing to suggest that Defendant objected when the proceedings were dismissed and refiled in district court, and that Defendant failed to present any evidence below suggesting that the district attorney filed the charges in district court for an improper reason. *Cf. State v. Cochran*, 112 N.M. 190, 191, 812 P.2d 1338, 1339 (Ct. App. 1991) (stating that defenses and objections based on defects in the initiation of the prosecution are to be raised prior to trial). Defendant does not dispute our observation. [MIO 7-11] Therefore, she failed to preserve this issue by raising it in the district court. *See State v. Muise*, 103 N.M. 382, 386, 707 P.2d 1192, 1196 (Ct. App. 1985) (stating that, "[o]n appeal, a reviewing court will not consider issues not raised in the trial court").

In her memorandum in opposition, Defendant relies on the arguments made in her docketing statement as to the policy of the prosecutor's office to dismiss all misdemeanor trials set in magistrate court and refile the same charges in district court after a defendant makes a proper demand for a jury trial in magistrate court. [MIO 8] However, Defendant did not make this argument in district court by filing a motion or making any objection.

4

Moreover, we disagree with Defendant's contention that the district court has an obligation to sua sponte raise the issue of the State's reasons for refiling in district court. [MIO 8-9] *Cf. id.* (noting in dicta that "[e]ven a constitutional claim must be properly raised in order to preserve error for review upon appeal"). Defendant relies on this Court's opinion in *State v. Ericksen,* 94 N.M. 128, 607 P.2d 666 (Ct. App. 1980), as support for her argument that the district court has a responsibility to inquire as to why the prosecutor decided to dismiss the charges and refile in district court. [MIO 8-11] We are unpersuaded because in that case, it was clear to the district court that the State had filed a nolle prosequi only because its efforts to disqualify the judge had been unsuccessful. *Id.* at 130, 607 P.2d at 668. This Court held that the prosecution's conduct "not only fail[ed] to demonstrate good faith but l[eft] no other impression than that he had deliberately engaged in game-playing with the rules, and has misused his discretionary powers to achieve a barred result." *Id.* at 131, 607 P.2d at 669.

In this case, Defendant did nothing to alert the district court that the prosecutor was acting with a bad motive, and there is nothing in the record to support her allegations that the State dismissed and refiled merely because the defendant demanded a jury trial. [MIO 10] Therefore, we affirm because Defendant failed to preserve the issue of whether the State unfairly deprived him of his right to a jury trial.

*See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the appellant must specifically state the grounds for his objection below so as to alert the trial court as to the claimed error in order to invoke a ruling thereon); *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) (noting that to preserve issue for appeal, defendant must make timely objection that specifically apprizes trial court of nature of error).

**Sufficiency of the evidence**

Defendant challenges the sufficiency of the evidence to support her conviction for aggravated DWI (refusal). [MIO11-13] We affirm.

In reviewing the sufficiency of the evidence in a criminal case, we must determine whether substantial evidence, either direct or circumstantial, exists to support a verdict of guilty beyond a reasonable doubt for every essential element of the crime at issue. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The evidence is reviewed in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary, to ensure that a rational fact finder could have found each element of the crime established beyond a reasonable doubt. *Id.* Finally, we observe that it is for the fact finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any

conflicts in the evidence; we will not substitute our judgment as to such matters. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992).

In order to convict Defendant of aggravated DWI, the State had to prove that Defendant "operated" a motor vehicle while under the influence of intoxicating liquor and that Defendant refused to submit to chemical testing, as provided for in the Implied Consent Act. *See* § 66-8-102(D)(3); *cf.* UJI 14-4508 NMRA. In our notice of proposed summary disposition, we reviewed the evidence that was introduced in support of the conviction. We again summarize that evidence with minor corrections based upon the material provided in Defendant's memorandum in opposition.

Defendant was pulled over by Officer Robles who observed her car weaving within its lane and crossing the center and edge lines. [MIO 2, 13] A video camera on the dashboard of Robles' vehicle recorded Defendant's driving up to the moment of her arrest. [MIO 2] Robles conducted field sobriety tests (FSTs), which Defendant failed. [MIO 2, 13] The FSTs were observed by a second officer, Munoz, who read the New Mexico Implied Consent Act to Defendant. [MIO 2, 13] Defendant refused chemical testing. [MIO 2, 13] Viewing this evidence in the light most favorable to conviction, it is sufficient to convict Defendant of aggravated DWI.

Defendant argues that the evidence is insufficient because the evidence must be viewed as a whole and she testified to a different version of events. [MIO 13] She

testified that she was not impaired and had only had one shot of tequila hours earlier. [MIO 2, 13]  She also testified that she failed the FSTs because it was cold, windy, and snowy.  [MIO 13; DS 2]

We are unpersuaded that Defendant's testimony warrants reversal.  When confronted with such conflicting testimony, the fact finder is free to weigh the credibility of the witnesses and is not required to adopt the version favored by Defendant. *See State v. Morales*, 2002-NMCA-052, ¶ 35, 132 N.M. 146, 45 P.3d 406 (observing that when the evidence is conflicting, the fact finder is not required to believe the defendant's version of the events).  In this case, it appears that the fact finder found the evidence presented by the State to be more compelling than Defendant's testimony.  We will not second-guess this determination. *See State v. Mann*, 103 N.M. 660, 664, 712 P.2d 6, 10 (Ct. App. 1985).

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**