This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42142**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**ISAIAH ANGEL ANTHONY GUTIERREZ,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HOUGHTON, Judge.**

**{1}** In this appeal, we are asked whether a district court can dismiss a criminal case with prejudice after a prosecutor files a "nolle prosequi."[1] We answer that a district court cannot because once a nolle prosequi is filed, the court loses jurisdiction. We

_____

[1] A "nolle prosequi" is "a dismissal of criminal charges filed by the prosecutor, usually without prejudice." *State v. Ware*, 1993-NMCA-041, ¶ 8, 115 N.M. 339, 850 P.2d 1042.

acknowledge there is an exception allowing district courts to dismiss a case with prejudice when the nolle prosequi is patently a sham, filed in bad faith to achieve a barred result. *See State v. Ericksen*, 1980-NMCA-029, ¶¶ 1-2, 9, 94 N.M. 128, 607 P.2d 666. But because there were no such allegations made below, nor is it obvious that the nolle prosequi was a sham, the district court lacked authority to enter further orders after the nolle prosequi was filed. Accordingly, we vacate the district court's order of dismissal with prejudice.

## BACKGROUND

**{2}** On February 10, 2023, a grand jury indicted Defendant on two counts related to the death of J.D., a sixteen-year-old pedestrian, after Defendant struck J.D. with his vehicle. Three days before trial, the State filed a nolle prosequi. In its filing, the State— citing its special responsibilities as a prosecutor pursuant to Rule 16-308(A) NMRA— explained that "evidence which has recently become available, which was not available at the time of indictment, reveals that probable cause does not exist to sustain the charges."

**{3}** At a scheduled pretrial conference later that day, the prosecutor further explained:

> After the pretrial conference we had, . . . the State considered new information and evidence that defense provided. After several hours of consideration and speaking to nearly everyone in the office, including [the district attorney], this is the conclusion that we reached this morning.

The district court commended the prosecutor's professionalism, then ordered sua sponte (on its own motion) that all charges be dismissed with prejudice. The State did not object to the district court's order from the bench and instead thanked the court. The district court's written order, filed after the hearing, explained the reason for its dismissal with prejudice was that "the Nolle Prosequi [was] filed less than five (5) business days before the commencement of the trial . . . ." The State now appeals.

## DISCUSSION

### I.      Preservation and Standard of Review

**{4}** Defendant claims the State failed to preserve the question presented on appeal and that we should not review it as a result. The State concedes that it did not preserve the issue below by objecting to the district court's order. However, "preservation of error for [the] purposes of appeal [is] inapplicable to jurisdictional questions." *Wilson v. Denver*, 1998-NMSC-016, ¶ 8, 125 N.M. 308, 961 P.2d 153 (citing Rule 12-321(B)(1) NMRA). Despite Defendant's arguments to the contrary, we hold that the question on appeal—whether the district court was deprived of jurisdiction by the filing of a nolle prosequi—is jurisdictional in nature, and preservation is not required. *See Smith v. City*

*of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[J]urisdictional issues should always be resolved even if not preserved below.").

**{5}**     Next, we reject Defendant's contention that the State either invited the error or waived the issue by failing to object and thanking the district court after the court announced it would dismiss with prejudice. Because we hold that the State's nolle prosequi stripped the district court of its power to enter further orders in this case, there was no right for the State to waive, nor error to be invited after jurisdiction was lost. *See Evans v. Barber Super Mkts., Inc.*, 1961-NMSC-092, ¶ 4, 69 N.M. 13, 363 P.2d 625 ("[J]urisdiction cannot be conferred by waiver or consent of the parties.").

**{6}**     Finally, Defendant urges us to review the district court's order for an abuse of discretion. We acknowledge that this Court "reviews dismissal of a criminal case . . . for an abuse of discretion." *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792. But we are not deciding whether the district court properly exercised its discretion to dismiss this case with prejudice. We are deciding whether the district court had any discretion at all to exercise after the nolle prosequi. That is a jurisdictional question, and "[j]urisdictional questions are questions of law which this Court reviews de novo." *El Castillo Ret. Residences v. Martinez*, 2017-NMSC-026, ¶ 20, 401 P.3d 751.

## II.     A Nolle Prosequi Generally Divests the District Court of Jurisdiction

**{7}**     Here the State argues that the "district court improperly dismissed the charges with prejudice when the State had already filed a written nolle prosequi," while Defendant contends that the discretion to file a nolle prosequi was subject to the court's acceptance. For the reasons that follow, we agree with the State.

**{8}**     In New Mexico "[t]he Legislature has vested the district attorney with broad discretion in its charging decisions." *State v. Crocco*, 2014-NMSC-016, ¶ 32, 327 P.3d 1068 (omission, internal quotation marks, and citation omitted); *see* NMSA 1978, § 36-1-18(A) (2001) (listing the duties of the district attorney); *see also State v. Surratt*, 2016-NMSC-004, ¶ 14, 363 P.3d 1204 ("[A]s an elected representative of the people, a district attorney has broad discretion in determining what charges to bring and what people to prosecute in the best interest of the people of the State of New Mexico." (internal quotation marks and citation omitted)). Along with the broad discretion to pursue charges is a broad discretion not to. *See State v. Santillanes*, 2001-NMSC-018, ¶ 21, 130 N.M. 464, 27 P.3d 456 ("[T]he decision whether *or not* to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." (emphasis added) (internal quotation marks and citation omitted)).

**{9}**     The State's broad discretion not to pursue charges against a person includes not doing so in the first instance, as well as abandoning some or all of the charges it has already filed. *See id.*; *State v. Puckett*, 1935-NMSC-080, ¶ 11, 39 N.M. 511, 50 P.2d 964 ("A nolle prosequi may be allowed as to one of two indictments, or as to one or more of the several counts of an indictment, or as to part of a count or indictment which is divisible, or which charges an offense which in itself embraces another."). Nolle

prosequi, the legal mechanism by which the State exercises its abandonment of charges, long predates New Mexico's statehood. *See, e.g.*, *United States v. Aurandt*, 1910-NMSC-011, ¶ 12, 15 N.M. 292, 107 P. 1064 (noting the impact of filing a nolle prosequi after jeopardy has attached). It is "a common-law rule that allows the government absolute power to dismiss criminal charges against an accused without any structured judicial oversight or supervision." *State v. Gardea*, 1999-NMCA-116, ¶ 5, 128 N.M. 64, 989 P.2d 439. And we have long acknowledged that our Legislature adopted the common law in criminal matters. *See Ex parte De Vore*, 1913-NMSC-072, ¶ 4, 18 N.M. 246, 136 P. 47 ("In criminal cases, the common law, as recognized by the United States and the several states of the Union, shall be the rule of practice and decision." (internal quotation marks and citation omitted)); *see also Leitensdorfer v. Webb*, 1853-NMSC-002, ¶ 26, 1 N.M. 34 ("The common law, then, at least so far as to control and regulate the proceedings of the district court in the hearing and determining of causes, has been extended over this territory . . . .").

{10}    As a creation of the common law, the State's authority to file a nolle prosequi may be modified by rule or statute. *See State v. Armstrong*, 1924-NMSC-089, ¶ 49, 31 N.M. 220, 243 P. 333 ("[T]he common law is in force in New Mexico, except as modified by statute." (internal quotation marks and citation omitted)); *State v. Padilla*, 2000-NMCA-090, ¶ 12, 129 N.M. 625, 11 P.3d 589 (recognizing the modification of common law by rule and subsequent case law). Unlike some other jurisdictions,[2] we find no authority indicating that the State's power to file a nolle prosequi has been circumscribed by statute or rule in our district courts, which are courts of general jurisdiction. *See State ex rel. Foy v. Austin Cap. Mgmt., Ltd.*, 2015-NMSC-025, ¶ 7, 355 P.3d 1 ("New Mexico district courts are courts of general jurisdiction having power to hear all matters not excepted by the constitution and those matters conferred by law." (internal quotation marks and citation omitted)); N.M. Const., art. VI, § 13. Consequently, in New Mexico "[t]he State has wide discretion to dismiss criminal charges, and absent an abuse of that discretion, the trial court will not exercise its control over the movements of a given case." *State v. Ware*, 1993-NMCA-041, ¶ 8, 115 N.M. 339, 850 P.2d 1042.

{11}    In our district courts "a nolle prosequi is as final as any other dismissal with or without prejudice," *id.* ¶ 9, which functions to strip a court of its jurisdiction over a case. *See State v. Sweat*, 1967-NMCA-021, ¶ 3, 78 N.M. 512, 433 P.2d 229 (adopting the view that "the court which first acquired jurisdiction when a prosecution was commenced therein loses jurisdiction by the entering of a nolle prosequi." (internal quotation marks and citation omitted)). Upon the State's filing of a nolle prosequi, the

---

[2]*See, e.g.*, Haw. Rev. Stat. Ann. § 806-56 (West 1987) ("No nolle prosequi shall be entered in a criminal case . . . except by consent of the court upon written motion of the prosecuting attorney stating the reasons therefor."); Ark. Code Ann. § 16-85-713 (West 2005) ("No prosecuting attorney shall enter a nolle prosequi on any indictment . . . without the leave of the court."); Cal. Penal Code § 1385(a) (West 2024) (same); Ga. Code Ann. § 17-8-3 (West 1989) (same). *But see, e.g., People v. Gossage*, 470 N.E.2d 548, 550 (Ill. App. Ct. 1984) ("The decision to nolle prosequi lies within the nearly unfettered discretion of the [s]tate's [a]ttorney."); *State v. Kahmke*, 468 So. 2d 284, 285 (Fla. Dist. Ct. App. 1985) ("Permission of the trial court is not necessary, because the decision to file a nolle pros[equi] is within the sole discretion of the [s]tate."); La. Code Crim. Proc. Ann. art. 691 (1968) (same).

district court may not then make further rulings or orders because "a court without jurisdiction to hear a case cannot issue a valid order on the merits of that case." *Cordova v. Larsen*, 2004-NMCA-087, ¶ 14, 136 N.M. 87, 94 P.3d 830; *accord Ericksen*, 1980-NMCA-029, ¶¶ 1-2 ("Under ordinary circumstances" "the judge . . . had no jurisdiction to enter an order dismissing the charges against [the] defendants . . . with prejudice, after the district attorney had filed a notice of nolle prosequi dismissing the cause without prejudice.").

### III.   The General Rule Is Subject to Limited Exceptions Not Present Here

{12}   As discussed above, the common law power to nolle prosequi may be modified by rule or statute, and our Supreme Court has done so, for example, by "prescrib[ing] a new procedure for dismissing criminal charges in courts of limited jurisdiction, and those rules have codified and, in places, modified the common law." *Gardea*, 1999-NMCA-116, ¶ 5; *accord* Rule 6-506.1 NMRA (governing "[v]oluntary dismissal and refiled proceedings" for magistrate courts). As noted above, no such limitation exists for courts of general jurisdiction.

{13}   We have also recognized an exception to account for the potential that prosecutors may "misuse[] their discretionary powers to achieve a barred result." *State v. Jurado*, 2024-NMCA-058, ¶ 18, 553 P.3d 514 (alteration, internal quotation marks, and citation omitted). To that end, this Court has held that a district court retains jurisdiction to dismiss with prejudice when a nolle prosequi is patently a sham, filed in bad faith to achieve a barred result. *See Ericksen*, 1980-NMCA-029, ¶ 9 ("We look past the form of the district attorney's usual right to file a nolle prosequi . . . and focus instead upon the substance of such conduct when [there is] . . . no other impression than that [the district attorney] had deliberately engaged in game-playing with the rules."). It is the responsibility of the trial court to "prevent a district attorney from using a nolle prosequi to circumvent the Rules of Criminal Procedure." *Ware*, 1993-NMCA-041, ¶ 8. But *Ericksen*'s exception would not apply here because there is no apparent sham in the mere filing of a nolle prosequi within five days before trial. Moreover, there were no allegations that the State's nolle prosequi was filed in bad faith. To the contrary, the district court commended the prosecutor's professionalism, in this and other cases, after entering its order from the bench.

{14}   To the extent that Defendant now believes the State filed its nolle prosequi in bad faith, purportedly to grant itself an unsanctioned continuance, Defendant may pursue that issue should the State refile charges. *See State v. Savedra*, 2010-NMSC-025, ¶ 8, 148 N.M. 301, 236 P.3d 20 ("[A]ny inquiry into the State's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled.").

{15}   Because we hold that the filing of the nolle prosequi terminated the district court's jurisdiction, we need not address the constitutional questions raised by the State's alternative argument concerning separation of powers. "We have repeatedly declined to decide constitutional questions unless necessary to the disposition of the case."

*Schlieter v. Carlos*, 1989-NMSC-037, ¶ 13, 108 N.M. 507, 775 P.2d 709; *accord Baca v. N.M. Dep't of Pub. Safety*, 2002-NMSC-017, ¶ 12, 132 N.M. 282, 47 P.3d 441 (noting that it is proper for courts to avoid reaching unnecessary constitutional issues).

**CONCLUSION**

**{16}** For the reasons above, we vacate the district court's "Sua Sponte Order on State's Nolle Prosequi and Order of Dismissal With Prejudice."

**{17}   IT IS SO ORDERED.**

**KRISTOPHER N. HOUGHTON, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**